OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted of assault in the first degree (Penal Law § 120.10) and leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2] [a]) based upon the defendant’s striking and seriously injuring a pedestrian with the car he was driving. The Appellate Division affirmed his conviction, one Justice dissenting (229 AD2d 623).
 

 Upon examining all of the circumstances of this case, "viewed in totality and as of the time of the representation,” we conclude that defendant was not deprived of meaningful representation
 
 (see, People v Baldi,
 
 54 NY2d 137, 147). Defense counsel cross-examined key prosecution witnesses, presented defendant’s testimony in support of an alibi defense, and gave a detailed summation highlighting potential infirmities in the People’s evidence. Moreover, when viewed in light of the trial as a whole, the actions of defense counsel of which defendant
 
 *824
 
 now complains could be attributed to tactical trial decisions. Thus, defendant has failed to establish that he was denied his constitutional right to effective assistance of counsel
 
 (see, People v Rivera,
 
 71 NY2d 705, 709;
 
 People v Baldi, supra).
 

 We have reviewed defendant’s remaining grounds for seeking a new trial and find them to be either unpreserved or without merit.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.