[802 NE2d 1109, 770 NYS2d 711]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON TAYLOR, Appellant.

Argued November 20, 2003; decided December 23, 2003

## POINTS OF COUNSEL

*Gould Fishbein Reimer & Gottfried, LLP,* New York City (*Susan J. Walsh* and *Norman L. Reimer* of counsel), for appellant. Defendant was deprived of his constitutional right to the effective assistance of counsel by virtue of his counsel's failure to object to, cure or preserve the error of manifest prosecutorial misconduct during the course of the summation and the cross-examination of the defense witness and by her failure to adequately challenge the sufficiency of the evidence. (*McMann v Richardson,* 397 US 759; *Strickland v Washington,* 466 US 668; *People v Benevento,* 91 NY2d 708; *United States v Cronic,* 466 US 648; *People v Claudio,* 83 NY2d 76; *People v Hobot,* 84 NY2d 1021; *People v Flores,* 84 NY2d 184; *Murray v Carrier,* 477 US 478; *Kimmelman v Morrison,* 477 US 365; *People v Lauderdale,* 295 AD2d 539.)

*Robert T. Johnson, District Attorney,* Bronx (*Lynetta M. St. Clair, Joseph N. Ferdenzi* and *Karen Swiger* of counsel), for respondent. Defendant received the effective assistance of counsel, who provided him with a vigorous defense, made appropriate objections, and obtained curative relief from the trial court. (*People v Baldi,* 54 NY2d 137; *People v Henry,* 95 NY2d 563; *Strickland v Washington,* 466 US 668; *Lockhart v Fretwell,* 506 US 364; *People v Rivera,* 71 NY2d 705; *People v Benn,* 68 NY2d 941; *People v Benevento,* 91 NY2d 708; *People v Flores,* 84 NY2d 184, *petition for habeas corpus granted sub nom. Flores v Demskie,* 215 F3d 293; *People v Bennett,* 29 NY2d 462; *People v Olivo,* 52 NY2d 309.)

## OPINION OF THE COURT

READ, J.

A jury convicted defendant of intentional second-degree murder (Penal Law § 125.25 [1]) for his role in the killing of a rival drug dealer. Defendant now claims that he received ineffective assistance of trial counsel in contravention of the State and Federal Constitutions (US Const 6th Amend; NY Const, art I, § 6). We conclude that the constitutional standard has been met because, in light of the circumstances of this particular case, defense counsel's actions were within the reasonably objective range of performance (*see Strickland v Washington,* 466 US

668, 687-688 [1984]), and she provided defendant with meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]).

At trial, the People relied primarily upon the testimony of defendant's cousin, who informed the jury that she overheard defendant and his partner plan the murder; saw them carry it out; and was present when they discussed the crime immediately afterward. Defendant produced one alibi witness, the mother of his daughter. Choosing to believe the cousin rather than the alibi witness, the jury convicted defendant. The Appellate Division affirmed, and a Judge of this Court granted defendant leave to appeal.

Defendant claims ineffective assistance of counsel because his attorney failed to object to certain questions that the prosecutor asked when cross-examining the alibi witness, and also failed to object to part of the prosecutor's summation. The record discloses, however, that "[d]efense counsel cross-examined key prosecution witnesses, presented . . . an alibi defense, and gave a detailed summation highlighting potential infirmities in the People's evidence" (*People v Ryan*, 90 NY2d 822, 823 [1997]). Further, while the prosecutor's conduct was indefensible, defendant has failed " 'to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]; *see also People v Tonge*, 93 NY2d 838, 840 [1999]).*

Defense counsel presented a coherent, cogent defense. In her opening remarks, she told the jury that the People's main witness (defendant's cousin) was not to be believed because she

---

* One of the bases of defendant's complaint is that, prior to the testimony of the sole defense witness, the prosecutor, knowingly and falsely, told defense counsel that the witness had prior convictions for prostitution. Defense counsel later learned the truth, but only after the testimony of the witness, who had been upset by the prosecutor's supposed revelation. The prosecutor attempted to pass his false statement off as a "joke," explaining that he and defense counsel had a history of playing pranks on each other. The prosecutor then spent many pages of the trial transcript repeatedly berating defense counsel for having complained of the incident to the trial court. As the trial court aptly stated, such levity has no place in a murder trial. Nevertheless, the record does not indicate that the prosecutor's "joke" affected counsel's performance. Defendant also complains of the prosecutor's summation remark that the witness had been "bought and paid for." In the context of the entire summation, it is clear that the prosecutor was referring to the fact that the witness was receiving financial support from the defendant's family for her child, the offspring of defendant. The choice of words was unfortunate and if taken literally, would violate the rule that a prosecutor's comments must stay within the four corners of the evidence (*People v Ashwal*, 39 NY2d 105, 109 [1976]).

came forward more than three years after the murder and solely to curry favor with the police on an unrelated charge that had been lodged against her. Defense counsel carried this theme forward, cross-examining the witness so as to highlight her bad behavior and prior bad acts; she reprised the cousin's suggested motive to lie on summation. Moreover, defense counsel participated actively in jury selection, consulting with defendant at various points; objected vigorously, and often successfully, during the testimony of all the People's witnesses; cross-examined the People's witnesses thoroughly; participated intelligently in numerous bench conferences and the jury charge conference; and made numerous objections during the prosecutor's summation.

Defense counsel was not ineffective just because her efforts to discredit defendant's cousin proved futile. "An attorney who presents a well-grounded but unsuccessful defense will not later be held to have provided ineffective assistance of counsel, and thus a defendant will not be entitled to a vacatur of his conviction on such basis" (*People v Baldi*, 54 NY2d at 140). In addition, "when viewed in light of the trial as a whole, the actions of defense counsel of which defendant now complains [the failure to raise objections] could be attributed to tactical trial decisions" (*People v Ryan*, 93 NY2d at 823-824). The decision not to object to prosecutorial actions may simply "reflect 'a reasonable and legitimate strategy under the circumstances and evidence presented' " (*People v Tonge*, 90 NY2d at 840, quoting *People v Benevento*, 91 NY2d at 713). Defense counsel objected almost 50 times during the prosecutor's cross-examination of the alibi witness. She may have concluded that further objections would serve only to annoy the trial court or—more importantly—the jury; perhaps she did not wish to risk focusing the jury's attention further on unhelpful evidence. Additionally, to the extent the trial prosecutor's acts were as offensive as defendant now claims (and some were), defense counsel might have reasonably calculated that, if allowed sufficient latitude, he would alienate the jury.

As we have repeatedly stated, "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's [supposed] failure[s]" (*People v Rivera*, 71 NY2d at 709). As defendant here has failed to carry his burden, "it will be presumed that counsel acted in a competent manner and exercised professional judgment" (*id.*)

by not lodging objections at the points where defendant now claims they should have been raised.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT and GRAFFEO concur.

Order affirmed.