■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY PRATCHER, Appellant. [856 NYS2d 646]—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (Mullen, J.), both rendered June 28, 2006, convicting him of robbery in the first degree under Suffolk County indictment No. 128B-06 and robbery in the second degree (three counts) under Suffolk County indictment No. 739A-06, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant argues that his plea allocution was factually insufficient to establish the crimes of robbery in the second degree under indictment No. 739A-06. However, as the defendant failed to move to withdraw his plea prior to sentencing he has not preserved for appellate review the issue of the sufficiency of the plea allocution (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Elcine*, 43 AD3d 1176, 1177 [2007]; *People v Swanton*, 27 AD3d 591 [2006]; *People v Huchital*, 22 AD3d 681 [2005]), and this case does not fall within

the narrow exception to the preservation rule (*see People v Lopez,* 71 NY2d 662, 666 [1988]). In any event, " '[e]ven if the defendant's allocution did not establish the essential elements of the crime to which he pleaded guilty, it would not require vacatur of his plea since there is no suggestion in the record that the plea was improvident or baseless' " (*People v Donigan,* 20 AD3d 487 [2005], quoting *People v Duff,* 158 AD2d 711, 711 [1990]; *see People v Seeber,* 4 NY3d 780, 781 [2005]; *People v Toxey,* 86 NY2d 725, 726 [1995]; *People v Guerrero,* 307 AD2d 935, 936 [2003]; *People v Winbush,* 199 AD2d 447, 448 [1993]).

The sentence imposed for robbery in the first degree was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.