■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO INFANTE, Appellant. [896 NYS2d 878]—Appeal by the de-

fendant from a judgment of the County Court, Nassau County (Jaeger, J.), rendered April 25, 2007, convicting him of burglary in the third degree and possession of burglar's tools, upon a plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea allocution was factually insufficient to establish the crimes of burglary in the third degree and possession of burglar's tools is not preserved for appellate review because the defendant failed to move to withdraw his plea (*see People v Clarke*, 93 NY2d 904 [1999]; *People v Pratcher*, 50 AD3d 1063 [2008]; *People v Wright*, 34 AD3d 507 [2006]). Moreover, the "rare case" exception to the preservation requirement as enunciated in *People v Lopez* (71 NY2d 662, 666 [1988]), does not apply because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Kelly*, 50 AD3d 921 [2008]; *People v Smith*, 43 AD3d 474 [2007]; *People v Ross*, 41 AD3d 870 [2007]; *People v Nash*, 38 AD3d 684 [2007]).

Further, since the defendant chose to proceed with the sentencing instead of moving to withdraw his plea of guilty when given the opportunity by the County Court, he waived his current contention that he should be permitted to withdraw his plea (*see People v Paugam*, 57 AD3d 1012 [2008]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in denying his application for a substitution of new assigned counsel. The trial court conducted a sufficient inquiry regarding the basis of the defendant's request and the defendant failed to provide good cause for the substitution of new counsel (*see People v Linares*, 2 NY3d 507 [2004]; *People v Lopez*, 49 AD3d 899 [2008]; *People v Stevenson*, 36 AD3d 634 [2007]; *People v Sanchez*, 7 AD3d 645 [2004]). Mastro, J.P., Skelos, Eng and Roman, JJ., concur.