■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN CASCO, Appellant. [909 NYS2d 146]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 16, 2009, convicting him of assault in the second degree (two counts), vehicular assault in the second degree (two counts), operating a motor vehicle while under the influence of alcohol (two counts), and leaving the scene of an incident without reporting (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, inter alia, of operating a motor vehicle while under the influence of alcohol and assault in the second degree, after he seriously injured two men while driving under the influence of alcohol. He left the scene and was stopped by an eyewitness, who called the police. The defendant was placed under arrest and taken to a police precinct, where testing revealed that his blood alcohol level was .09 of one percent blood alcohol content. At the trial, the People's expert testified, based upon "retrograde extrapolation," that the defendant's blood alcohol level at the time of the accident was between .10 and .11 of one percent blood alcohol content.

During cross-examination of the People's expert, defense counsel elicited that the expert relied upon only one alcohol test in performing his calculations and in forming his opinion. Defense counsel contended this was insufficient, since the expert could not determine based upon only one test if the defendant's blood alcohol level was increasing after the accident as a result of absorption of alcohol the defendant previously consumed. The defendant claims that pursuit of this line of inquiry was erroneously curtailed when the Supreme Court ruled that further

questions dealing with the fact that the expert relied on only one test would open the door to the admission, on redirect examination, of an inadmissible field test of the defendant's blood alcohol level. However, the field test never was admitted into evidence, and the defendant's argument that the expert based his opinion upon insufficient data was presented to the jury. In view of the overwhelming evidence of the defendant's guilt, and no significant probability that the error, if any, contributed to his convictions, any error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). Similarly, the prosecutor's cross-examination of the defendant's expert with respect to sobriety standards applicable to transportation workers does not warrant reversal, especially in light of the Supreme Court's instruction to the jury that those standards were not applicable to this case.

The Supreme Court properly admitted the tape of a 911 telephone call to the police made by the eyewitness, who testified at trial. Contrary to the defendant's contention, there was a sufficient basis for the witness's lay opinion as to the defendant's alleged intoxication, based on his observation of the defendant (*see Rivera v City of New York*, 253 AD2d 597, 600-601 [1998]; *see also People v Cruz*, 48 NY2d 419, 428 [1979]).

Under the totality of the circumstances herein, the defendant received the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Benevento*, 91 NY2d 708 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Covello, J.P., Leventhal, Hall and Sgroi, JJ., concur.