■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD KURTH, Appellant. [918 NYS2d 536]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the grand jury proceeding was defective because it failed "to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice

to the defendant may result" (CPL 210.35 [5]; *see People v Brown*, 81 NY2d 798 [1993]; *People v Bryan*, 50 AD3d 1049, 1050 [2008]; *People v Workman*, 277 AD2d 1029, 1031 [2000]). In any event, the alleged improper conduct on the part of the prosecutor did not impair the integrity of the grand jury proceeding or prejudice the defendant (*see* CPL 210.35 [5]; *People v Brownlee*, 121 AD2d 553, 554 [1986]; *cf. People v Huston*, 88 NY2d 400, 409 [1996]).

Furthermore, the defendant's contention that certain records of the Orange County Sheriff's Department involving a firearm receipt and evidence logbook were improperly admitted into evidence under the business records exception to the hearsay rule is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Verrilli*, 69 AD3d 963, 964 [2010]; *People v Sprosta*, 49 AD3d 784, 785 [2008]) and, in any event, is without merit. Insofar as the documents constituted hearsay evidence, the People properly established a foundation for the admission of the documents as business records (*see* CPLR 4518 [a]; *People v Guidice*, 83 NY2d 630, 635 [1994]; *Matter of Leon RR*, 48 NY2d 117, 122 [1979]; *Johnson v Lutz*, 253 NY 124 [1930]; *People v Bell*, 286 AD2d 443 [2001]; *cf. People v Kennedy*, 68 NY2d 569, 579-580 [1986]). Furthermore, contrary to the defendant's contention, admission of the documents did not violate his Sixth Amendment right to confront his accusers (*see People v Dail*, 69 AD3d 873, 874 [2010]; *see also Melendez-Diaz v Massachusetts*, 557 US —, —, 129 S Ct 2527, 2539-2540 [2009]; *Crawford v Washington*, 541 US 36, 56 [2004]). Moreover, the defendant's contention that he was deprived of the effective assistance of counsel by virtue of trial counsel's failure to object to the admission of these documents into evidence is without merit, as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success'" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Contant*, 77 AD3d 967, 969 [2010]; *People v Kent*, 79 AD3d 52, 71 [2010]). Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.