■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO PADGETT, Appellant. [930 NYS2d 455]—

The defendant's contention that he was deprived of the effective assistance of counsel by virtue of his attorney's failure to make a certain argument in support of that branch of the defendant's omnibus motion which was to suppress physical evidence is without merit. Defense counsel's argument that the physical evidence did not belong to the defendant—rather than pursuing the argument that the physical evidence belonged to the defendant but should be suppressed because the police lacked reasonable suspicion to detain him—was a legitimate trial tactic and, thus, constituted meaningful representation (*see People v Baldi*, 54 NY2d 137, 146 [1981]). In any event, counsel cannot be held ineffective for "fail[ing] to make a motion or argument that has little or no chance of success" (*People v Caban*, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]; *see People v Kurth*, 82 AD3d 905, 906 [2011]), and any argument that the police lacked reasonable suspicion to detain the defendant would likely have failed because ample evidence existed that the police had reasonable suspicion to believe that the defendant was committing a crime.

The defendant's further contention that he was deprived of the effective assistance of counsel by virtue of his attorney's failure to request that the Supreme Court consider the lesser-included offense of criminal trespass in the third degree is also without merit. The alleged failure appears to have been part of defense counsel's legitimate trial strategy, and the defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations for counsel's [supposed] failure[s]' " (*People v Windley*, 70 AD3d 1060, 1061 [2010], quoting *People v Taylor*, 1 NY3d 174, 177 [2003] [internal quotation marks omitted]; *see People v Ryan*, 90 NY2d 822, 823-824 [1997]; *People v Baldi*, 54 NY2d at 151). Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.