■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEENAN J. WATTS, JR., Appellant. [935 NYS2d 893]

The defendant's contention that his plea allocution was factually insufficient to establish the crime of burglary in the first degree is unpreserved for appellate review because the defendant failed to move to withdraw his plea on that basis (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Young*, 88 AD3d 918 [2011]; *People v Infante*, 71 AD3d 1047, 1048 [2010]). Moreover, the "rare case" exception to the preservation requirement does not apply here because the defendant's plea allocution did not

cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (*see People v Lopez*, 71 NY2d at 666; *People v Young*, 88 AD3d 918 [2011]; *People v Infante*, 71 AD3d at 1048). In any event, the defendant's claim that the plea allocution was factually insufficient is without merit.

The defendant contends that the County Court erred in failing to make a determination on the record as to whether he should receive youthful offender treatment. However, since the defendant did not assert that he should be adjudicated a youthful offender at the time of sentencing, his contention was waived (*see People v McGowen*, 42 NY2d 905, 906 [1977]; *People v Pagano*, 253 AD2d 500 [1998]; *People v Cunningham*, 238 AD2d 350 [1997]). Additionally, the defendant did not receive ineffective assistance of counsel based upon counsel's failure to request a youthful offender adjudication. "[C]ounsel cannot be held ineffective for 'fail[ing] to make [an application] or argument that has little or no chance of success' " (*People v Padgett*, 87 AD3d 1166, 1167 [2011], quoting *People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Kurth*, 82 AD3d 905, 906 [2011]). Here, the defendant was not eligible for a youthful offender adjudication as to his robbery conviction because there were no mitigating circumstances "bear[ing] directly upon the manner in which the crime was committed," and his role in the crime was not minor (CPL 720.10 [3]; *see* 720.10 [2] [a]; 1.20 [41]; *People v Henry*, 76 AD3d 1031 [2010]; *People v Joseph*, 50 AD3d 1159, 1160 [2008]). Further, considering the seriousness of the burglary offense, the favorable plea the defendant received, and the fact that he had committed a robbery during the previous month, the interests of justice would not be served by the defendant receiving a youthful offender adjudication as to the burglary conviction (*see* CPL 720.20 [1] [a]; *People v Lopez*, 82 AD3d 906, 907 [2011]; *People v Thompson*, 16 AD3d 603, 604 [2005]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.