■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL PARKER, Appellant. [962 NYS2d 23]—

Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered January 6, 2011, convicting defendant, after a jury trial, of robbery in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not

reflected in, or not fully explained by, the trial record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Taylor*, 1 NY3d 174, 175-176 [2003]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant asserts that his trial counsel's impeachment of the victim by way of prior inconsistent statements was deficient. However, counsel questioned the victim at length about his grand jury testimony, and effectively argued that inconsistencies between that testimony and his trial testimony undermined his credibility. We conclude that counsel's conduct of the trial met an "objective standard of reasonableness" (*Strickland*, 466 US at 688). In any event, we also conclude that regardless of whether counsel should have taken the additional impeachment measures set forth by defendant in his present argument, counsel's failure to take those measures, viewed individually or collectively, did not have a reasonable probability of affecting the outcome and did not deprive defendant of a fair trial (*id.* at 694). Concur—Sweeny, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.