THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD BURWELL, Appellant. [968 NYS2d 83]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 10, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant argues that the evidence failed to support a conviction of first-degree sale of a controlled substance because it only established that he had knowingly provided less than two ounces of cocaine to his accomplice and did not establish that defendant knew his accomplice was going to add additional cocaine so that the aggregate amount sold to the undercover officer would exceed two ounces. We reject this argument because the evidence established defendant's accessorial liability (*see* Penal Law § 20.00) for the accomplice's sale of cocaine to the officer, and under the circumstances presented this accessorial liability was not necessarily limited to the particular package of cocaine that defendant, himself, provided. Thus, under the facts, defendant was accessorially liable for the sale, regardless of whether he knew how many packages the accomplice would choose to transfer to the purchaser. Defendant had knowledge of the nature of the controlled substance to be sold, and it is not a defense that he did not know the aggregate weight to be sold (*see* Penal Law § 15.20 [4]), regardless of how it was to be packaged or divided.

Defendant claims that his trial counsel rendered ineffective assistance by failing to raise the above-discussed sufficiency issue. This claim is unreviewable on direct appeal because there

are indications, not fully developed on the present record, that counsel may have had strategic reasons for not raising the issue (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Taylor*, 1 NY3d 174, 175-176 [2003]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). As indicated, this sufficiency claim is unavailing. Furthermore, it was within "the wide range of professionally competent assistance" (*Strickland*, 466 US at 690) for counsel to forego this sufficiency argument, and, regardless of whether counsel should have made it, defendant has not shown that the lack of this argument affected the outcome of the case or deprived defendant of a fair trial.

Defendant did not preserve his claims that the court should have instructed the jury on accomplice corroboration (*see* CPL 60.22) and accessorial liability for different degrees of an offense (*see* Penal Law § 20.15), and we decline to review them in the interest of justice. As an alternative holding, we find that defendant was not prejudiced by the absence of either or both of these instructions. We note that the record indicates that counsel may have had sound strategic reasons for not requesting these charges. Concur—Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.