# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

176
KA 13-00677
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MOSES MADDEN, III, DEFENDANT-APPELLANT.

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Gail A. Donofrio, J.), rendered January 23, 2013. The judgment convicted defendant, upon his plea of guilty, of reckless endangerment in the first degree and aggravated criminal contempt.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of reckless endangerment in the first degree (Penal Law § 120.25) and aggravated criminal contempt (§ 215.52 [1]). As the People correctly concede, defendant's written waiver of the right to appeal is invalid because the record establishes that Supreme Court did not explain the written waiver to defendant or ascertain that he understood its contents (*see People v Bradshaw*, 18 NY3d 257, 264-265; *People v Callahan*, 80 NY2d 273, 283; *People v Terry*, 138 AD3d 1484, 1484, *lv denied* 27 NY3d 1156). Indeed, a "written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal" (*People v Banks*, 125 AD3d 1276, 1277, *lv denied* 25 NY3d 1159 [internal quotation marks omitted]). Moreover, the record does not support the People's contention that defendant pleaded guilty before the court ruled on his suppression motion and thus forfeited his challenge to the court's suppression determination (*see generally People v Fernandez*, 67 NY2d 686, 688; *People v Scaccia*, 6 AD3d 1105, 1105, *lv denied* 3 NY3d 681). Although the court noted during the plea colloquy that it had not yet issued a written order denying defendant's motion, the court did issue an oral suppression ruling, and a written order is not required in seeking to review an adverse suppression ruling pursuant to CPL 710.70 (2) (*see People v Elmer*, 19 NY3d 501, 505). Contrary to the People's contention, the court's comments that it intended to issue a written order did not constitute

a retraction of its oral order.

On the merits, however, we conclude that the court properly refused to suppress defendant's statements to the police on the ground that his indelible right to counsel was allegedly violated. Defendant failed to meet his burden of establishing that his indelible right to counsel had attached before he made his statements to the police (*see People v Castor*, 128 AD3d 1357, 1358, *lv denied* 26 NY3d 927; *People v Brown*, 46 AD3d 1128, 1129; *see generally People v Cohen*, 90 NY2d 632, 638-639).

Finally, we reject defendant's challenge to the factual sufficiency of his plea allocution. It is well established that a defendant who pleads guilty need not "acknowledge[] committing every element of the pleaded-to offense . . . or provide[] a factual exposition for each element of the pleaded-to offense" (*People v Seeber*, 4 NY3d 780, 781). A plea will not be vacated where, as here, the defendant does not negate an element of the pleaded-to offense during the colloquy or otherwise cast doubt on his or her guilt or the voluntariness of the plea (*see Seeber*, 4 NY3d at 781-782; *People v Jeanty*, 41 AD3d 1223, 1223, *lv denied* 9 NY3d 923). Thus, we conclude that, "even if 'defendant's allocution did not establish the essential elements of the crime to which he pleaded guilty, it would not require vacatur of his plea since there is no suggestion in the record that the plea was improvident or baseless' " (*People v O'Keefe*, 170 AD2d 1020, 1020, *lv denied* 77 NY2d 965; *see People v Pratcher*, 50 AD3d 1063, 1064, *lv denied* 11 NY3d 793).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court