People v Hyer (2020 NY Slip Op 51490(U))

[*1]

People v Hyer (William)

2020 NY Slip Op 51490(U) [70 Misc 3d 126(A)]

Decided on December 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2017-1991 S CR

The People of the State of New York,
Respondent,
against
William J. Hyer, Appellant. 

Suffolk County Legal Aid Society (Lisa Marcoccia of counsel), for appellant.
Suffolk County District Attorney (Elena Tomaro and Thomas Costello of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Chris Ann
Kelley, J.), rendered September 19, 2017. The judgment convicted defendant, upon a jury
verdict, of assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of assault in the third degree (Penal Law
§ 120.00 [1]). Defendant's contention on appeal, that the evidence was legally insufficient,
is not preserved for appellate review (see CPL 470.05 [2]). In any event, viewing the
evidence in a light most favorable to the People (see People v Contes, 60 NY2d 620, 621
[1983]), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable
doubt.
The complainant testified that defendant repeatedly punched him in the face and head, and he
felt "very bad pain." A tenant in the same residence testified that the complainant "looked like
somebody had thrown him into a meat grinder" and that his face was "extremely bloody." Three
responding police officers testified that they observed severe bleeding and injuries to the
complainant's face, and two of the officers testified that defendant did not complain about any of
his injuries. Defendant admitted that he had hit the complainant several times and that they had
not been "soft blows." The photographs of the complainant's injuries depicted severe bruising,
[*2]swelling, and several lacerations all over the complainant's
face. Finally, the complainant's medical records indicated that the complainant appeared with
several lacerations to his face, bruising to his eyes, and was diagnosed with a broken nose. While
defendant testified that he was acting in self-defense, there was overwhelming evidence to the
contrary presented at trial. Consequently, the People established every element of assault in the
third degree (see Penal Law §§ 120.00 [1]; 10.00 [9]) and disproved
defendant's justification defense (see Penal Law §§ 35.00, 35.15) beyond a
reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their
demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v
Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Wu, 63 Misc 3d 159[A],
2019 NY Slip Op 50867[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Upon
weighing "the relative probative force of conflicting testimony and the relative strength of
conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69
NY2d at 495 [internal quotation marks and citation omitted]), we find that, based on the weight
of the credible evidence, the jury properly credited the victim's account of the incident and
rejected defendant's exculpatory testimony (see People v Danielson, 9 NY3d at 348; People v Engle, 49 Misc 3d
131[A], 2015 NY Slip Op 51432[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Therefore, we find that the verdict was not against the weight of the evidence.
Defendant's alternative contention, that he was not afforded the effective assistance of trial
counsel, lacks merit. To prevail upon this claim, it is incumbent upon defendant to demonstrate
that his counsel had no strategic or other legitimate explanation for counsel's supposed failures
and, absent such a showing, it is "presumed that counsel acted in a competent manner and
exercised professional judgment" (People v Taylor, 1 NY3d 174, 177 [2003] [internal quotation marks
omitted]; see People v Rivera, 71 NY2d 705, 709 [1988]). "A single failing [by trial
counsel] in an otherwise competent performance may qualify as ineffective assistance only when
the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair
trial" (People v Kent, 79 AD3d
52, 72 [2010], mod on other grounds 19 NY3d 290 [2012]). Further, "there can be no
deprivation of effective assistance of counsel arising from the failure to make a motion or
argument that had little or no chance of success" (People v Kihinde, 172 AD3d 1096, 1097 [2019]; see also People v Ennis, 11 NY3d
403, 415 [2008]; People v
Stultz, 2 NY3d 277, 287 [2004]; People v Kent, 79 AD3d at 72). Here, based on
the overwhelming evidence presented at trial, defendant has failed to demonstrate that a motion
for a trial order of dismissal had any chance of success.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2020