■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY LINEBERGER, Appellant. [672 NYS2d 710] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered May 5, 1994, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 10 to 20 years and 5 to 15 years, unanimously affirmed.

Defendant's claim that testimony by police witnesses constituted improper bolstering of the eyewitness's testimony is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the challenged testimony did not constitute inferential bolstering (see, *People v Parris*, 247 AD2d 221), and that, in any event, its admission was harmless in view of the strength of the identification testimony (*People v Johnson*, 57 NY2d 969).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG JOHNSON, Appellant. [672 NYS2d 715] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 9, 1994, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The jury's determinations of fact and credibility are supported by the record and the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490).

Defendant's claims of error regarding identification testimony are unpreserved and we decline to review them in the interest of justice.

The court properly permitted the prosecutor to cross-examine a defense witness regarding his failure to come forward promptly with exculpatory information, after establishing that defendant and the witness were long-time friends, that the witness was aware of the charge pending against defendant and that the witness had the opportunity to come forward expeditiously (*People v Dawson*, 50 NY2d 311; *People v Jackson*, 214 AD2d 475, *lv denied* 86 NY2d 796). We reject defendant's argument that this type of impeachment should be limited to alibi witnesses. Concur—Sullivan, J. P., Rosenberger, Rubin, and Williams, JJ.