■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMITH, Appellant. [830 NYS2d 138]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered June 8, 2004, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and possession of a knife in violation of Administrative Code of the City of New York § 10-133 (b), and sentencing him, as a second felony offender, to an aggregate term of 2¹/₂ to 5 years, unanimously affirmed.

The court properly admitted as excited utterances the nontestifying victim's statements to the responding police officer, Landers, upon his arrival at the scene, describing the theft and informing the officer that the perpetrator had displayed a knife, as well as his statement, moments later, as to the perpetrator's flight. Since defendant never claimed that admission of these declarations violated his right of confrontation, his present constitutional claim is unpreserved (*People v Lopez*, 25 AD3d 385 [2006], *lv denied* 7 NY3d 758 [2006]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the excited utterances were nontestimonial (*see Davis v Washington*, 547 US —, 126 S Ct 2266 [2006]; *Crawford v Washington*, 541 US 36 [2004]), because, to the extent that there was any police interrogation, the declarations were made "under circumstances objectively indicating that the primary purpose of the interrogation [was] to enable police assistance to meet an ongoing emergency" (*Davis*, 547 US at —, 126 S Ct at 2273) that had not abated. The ongoing emergency consisted of the immediate flight of an armed and dangerous person from the scene and his possible continuing presence nearby. The perpetrator described in the declarant's excited utterances posed a threat to the pursuing officer, as well as a continuing threat to the declarant, and the officer needed to assess that situation (*Davis*, 547 US at —, —, 126 S Ct at 2276-2277, 2279, citing *Hiibel v Sixth Judicial Dist. Court of Nev., Humboldt Cty.*, 542 US 177, 186 [2004]).

In its in limine ruling on the admissibility of excited utterance statements, the court excluded any statements made by the nontestifying witness to Landers in the police car as beyond the scope of an excited utterance and bolstering with respect to identification. While the prosecution did not elicit the details of any such testimony, Landers did testify that before defendant was stopped, the nontestifying victim gave a description of the perpetrator as they drove north looking for him. The officer was then permitted to testify that he saw someone—defendant—who fit the description. Defendant now contends that this was a violation of the court's ruling and constituted implicit identifica-

tion bolstering (*see People v Holt*, 67 NY2d 819, 821 [1986]), in violation of *People v Trowbridge* (305 NY 471 [1953]; *see People v Caserta*, 19 NY2d 18, 21 [1966]), made all the more significant because neither the declarant nor any witness to the robbery testified and identified defendant. Stressing that the content of the declarant's description was not elicited in contravention of the court's ruling, the People contend that the testimony was properly admitted to explain why the officer approached defendant (*see People v Tosca*, 98 NY2d 660 [2002]).

At trial, defendant made only general objections to this testimony; he never alerted the court to a bolstering issue or that the evidence was precluded by the court's pretrial ruling. Moreover, in her opening statement the prosecutor told the jury that the declarant, while he was in the police car, gave a description of the perpetrator, that Landers pulled the car up to defendant as he was walking, and that defendant "completely fit[ ] the description." Defendant made a general objection only to the statement that he fit the description. Given the prosecutor stated in her opening that she intended to elicit such testimony, it was particularly incumbent upon defendant to voice specific objections when it was elicited. By failing to make a specific objection, defendant deprived the court of an opportunity to come to a considered decision on an offer of proof based on the admissibility of the testimony to explain the officer's actions (*see People v Jackson*, 196 NY 357 [1909]). Accordingly, all of his complaints are unpreserved (CPL 470.05 [2]; *People v Aracena*, 232 AD2d 153 [1996], *lv denied* 89 NY2d 918 [1996]).

In any event, any error in this regard is harmless. On his case, defendant introduced a transcript of the 911 call reporting the crime at a "deli" on Lenox Avenue between 141st and 142nd Streets and describing the perpetrator as a black male wearing a brown jacket, black pants and a hat, thought to be brown. The caller, the store owner, concluded by stating that the thief was heading toward 142nd Street. This description fit defendant. Thus, there was evidence in the record of the perpetrator's description, other than from the implicit hearsay as to the nontestifying witness's description.

Finally, defendant complains that Landers's testimony that he vouchered a doll and knife recovered from defendant only after showing them to the nontestifying victim "strongly suggested [the victim] had recognized th[ose] items" and thus "improper[ly] bolster[ed]" the victim's identification of defendant as the perpetrator. This testimony, defendant argues, also violated the court's ruling. These arguments are unpreserved

since defendant never argued at the pretrial evidentiary hearing that Landers's testimony that he vouchered the doll and knife after showing them to the victim was, in any way, improper. Nor did he object at trial when Landers testified about the knife and doll. Therefore, appellate review of the issue is foreclosed as a matter of law (CPL 470.05 [2]; *People v Lineberger*, 251 AD2d 19 [1998], *lv denied* 92 NY2d 880 [1998]), and we decline to reach the issue in the interest of justice. Concur—Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.