THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EZRA LESLIE, Appellant. [837 NYS2d 304]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered June 12, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's statements to the police, at the scene of the crime that, "I'm the one you want officer, I did it; I shot her; and I'm not going to say anything more about it until I have representation. These People had nothing to do with it," and "this is a bad situation that got out of hand. I'm sorry," were properly admitted into evidence as a confession and an admission, respectively (*see* Prince, Richardson on Evidence § 8-251, at 552 [Farrell 11th ed]).

The trial court properly declined to charge the jury with respect to the affirmative defense of extreme emotional distress. That defense requires proof of both subjective and objective elements (*see People v Harris,* 95 NY2d 316 [2000]). "The subjective element focuses on the defendant's state of mind at the time of the crime and requires sufficient evidence that the defendant's conduct was actually influenced by an extreme emotional disturbance . . . [t]his element is generally associated with a loss of self-control . . . The objective element requires proof of a reasonable explanation or excuse for the emotional disturbance . . . [to] be determined by viewing the subjective mental condition of the defendant and the external circumstances as the defendant perceived them to be at the time" (*id.* at 319; citations omitted).

Viewing the evidence in the light most favorable to the defendant, we find that it was sufficient to establish the first, wholly subjective element of the test, as there was testimony that the defendant was enraged at the victim, and his statement to the police that the situation "got out of hand" supported a finding of a loss of control on his part. However, the evidence, viewed in the light most favorable to the defendant, does not support a finding that there was a reasonable explanation or excuse for the emotional disturbance, considering the subjective situation the defendant was in and the external circumstances, as he perceived them, such that the jury could conclude that the murder was an "understandable human response deserving of mercy" (*People v Casassa,* 49 NY2d 668, 680-681 [1980], *cert denied* 449 US 842 [1980]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contentions raised in his supplemental pro se brief concerning the admission into evidence of his statements to police, the racial composition of the jury, ineffective assistance of counsel, the charge to the jury, and prosecutorial misconduct are without merit. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.