THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR WILLIAMS, Appellant. [843 NYS2d 33]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered January 27, 2006, convicting defendant, after a jury trial, of two counts each of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 11 years, unanimously affirmed.

The court properly exercised its discretion when it discharged a selected but unsworn juror and replaced her with an alternate, after jury selection had been completed and no prospective jurors remained. The juror had a scheduling conflict involving a funeral, and the record demonstrates that she was not fit for jury service in that the conflict would make it difficult for her to focus on the trial (*see People v Velez*, 255 AD2d 146 [1998], *lv denied* 93 NY2d 858 [1999]). Defendant's argument that the standard for discharging a sworn juror pursuant to CPL 270.35 should apply here is unpreserved (*see People v Davis*, 292 AD2d 168, 169 [2002], *lv denied* 98 NY2d 674 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Velez*, 255 AD2d 146 [1998], *supra*). In any event, even under the sworn juror standard, the court had ample basis for discharging the juror.

The court properly admitted as excited utterances the nontestifying declarant's statements to a 911 operator that he

had just encountered two armed intruders in his apartment building. The evidence, including suppression hearing testimony upon which the court relied without objection, established that the declarant was still under the influence of the stress of that incident (*see People v Johnson*, 1 NY3d 302 [2003]). The admission of the excited utterances did not violate defendant's right to confrontation, since the statements were primarily made "to enable police assistance to meet an ongoing emergency" (*Davis v Washington*, 547 US —, —, 126 S Ct 2266, 2273 [2006]; *People v Bradley*, 8 NY3d 124 [2006]; *People v Smith*, 37 AD3d 333, 334 [2007], *lv denied* 8 NY3d 950 [2007]).

For the reasons stated in our decision in *People v Lemos* (34 AD3d 343 [2006], *lv denied* 8 NY3d 924 [2007]), we find unpreserved defendant's argument that the court unlawfully imposed a mandatory surcharge and fees when it did so only in writing, and we decline to review it in the interest of justice. Were we to review it, we would find it without merit. Concur—Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ.