■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID F. TUSZYNSKI, Appellant. [895 NYS2d 896]—Appeal from a judgment of the Ontario County Court (Thomas M. Van Strydonck, J.), rendered January 28, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal sexual act in the second degree (40 counts), incest (52 counts), rape in the second degree (12 counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, 40 counts of criminal sexual act in the second degree (Penal Law § 130.45 [1]). Defendant failed to preserve for our review his contention that he

was denied a fair trial by prosecutorial misconduct based on the prosecutor's use at trial of an audiotape that had been suppressed (see CPL 470.05 [2]). In any event, that contention is without merit because, " '[i]n this nonjury case, [County Court] is presumed to have considered only competent evidence in reaching the verdict' " (People v Carney, 41 AD3d 1239, 1240 [2007], lv denied 9 NY3d 873 [2007]). We reject the further contention of defendant that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Lewis, 67 AD3d 1396 [2009]; People v Maryon, 20 AD3d 911, 912-913 [2005], lv denied 5 NY3d 854 [2005]).

Contrary to the contention of defendant, the court properly denied that part of his omnibus motion seeking to dismiss the indictment based on the prosecutor's references to the audiotape in the grand jury proceeding. "[T]he submission of some inadmissible evidence [to the grand jury] will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (People v Huston, 88 NY2d 400, 409 [1996]) and, here, the remaining evidence was legally sufficient to support the indictment. Defendant's contentions that the counts of the indictment are duplicitous and that the "vast majority" of the counts of the indictment are multiplicitous are not preserved for our review (see People v Sponburgh, 61 AD3d 1415 [2009], lv denied 12 NY3d 929 [2009]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

We reject defendant's contention that the conviction is not supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Finally, we have reviewed defendant's remaining contention and conclude that it lacks merit. Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.