■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENIGNO VELASQUEZ, Appellant. [913 NYS2d 768]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 10, 2008, convicting him of robbery in the second degree, reckless endangerment in the first degree, grand larceny in the fourth degree, assault in the third degree, reckless driving, and leaving the scene of an accident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court should have denied the People's challenge to a prospective juror for cause. "Prospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality,

must be excused" (*People v Arnold*, 96 NY2d 358, 363 [2001]). Here, the prospective juror at issue made numerous statements regarding her views on race and the criminal justice system that cast serious doubt on her ability to render an impartial verdict. Moreover, to the extent that she "ultimately provided a purported assurance of impartiality, such assurance was 'less-than-unequivocal' when viewed in context" (*People v Santana*, 27 AD3d 308, 309 [2006] [citation omitted]; *see People v Oliveri*, 29 AD3d 330, 331 [2006]; *People v Grant*, 297 AD2d 687, 688 [2002]; *cf. People v Chambers*, 97 NY2d 417, 419 [2002]). Accordingly, the Supreme Court did not err in granting the People's challenge.

The defendant's contention that the evidence was legally insufficient to support a finding that he caused physical injury to a complainant within the meaning of Penal Law § 10.00 (9) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Martin*, 48 AD3d 701, 702 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish physical injury (*see People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Valencia*, 50 AD3d 1163, 1164 [2008]; *People v Ricco*, 11 AD3d 343, 344 [2004]; *People v Rollins*, 273 AD2d 159, 160 [2000]). Moreover, upon the exercise of our independent factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt with respect to the robbery in the second degree and assault in the third degree counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Valencia*, 50 AD3d at 1164; *People v Williamson*, 21 AD3d 575, 575-576 [2005]).

Contrary to the defendant's contention, raised in both his main and supplemental pro se brief, he received effective assistance of counsel under both federal and state standards (*see People v Caban*, 5 NY3d 143, 152-156 [2005]; *People v Ryan*, 90 NY2d 822, 823 [1997]).

The defendant's contention that the Supreme Court violated his constitutional rights when it sentenced him as a persistent violent felony offender is unpreserved for appellate review and, in any event, without merit (*see People v Kelly*, 67 AD3d 706, 707 [2009]).

The remaining contentions raised in the defendant's supplemental pro se brief are without merit. We observe, however, that the People's contention that the defendant failed to preserve his claim that he should have been allowed to present certain expert testimony is contradicted by the record. Prudenti, P.J., Florio, Balkin and Leventhal, JJ., concur.