OPINION OF THE COURT
Jeanette Ruiz, J.
The issue before the court is whether three 911 telephone calls the presentment agency (PA) seeks to introduce into evidence in this juvenile delinquency fact-finding hearing involving allegations of assault against respondent, Mahamadou H., are permissible. First, the court must determine whether any of the 911 calls sought to be introduced into evidence fit into a hearsay exception. Second, if any of the 911 calls do fall into a hearsay exception the court must then determine whether the admission of a 911 nonhearsay statement into evidence violates the respondent’s Sixth Amendment right of confrontation. Respondent objects to the three statements made to a 911 operator being introduced into evidence.
It is undisputed that the admission of a 911 tape-recorded statement into evidence is hearsay since it is an out-of-court statement admitted for the truth of the matter asserted (People *584 v Buie, 86 NY2d 501 [1995]). As such, a 911 call cannot be admitted into evidence unless it falls within an exception to the hearsay rule.
If the substance of a 911 telephone call constitutes an excited utterance the statement falls within an exception to the hearsay rule and can be properly admitted into evidence because the statement relates to a startling event made by the declarant under the stress of excitement (Michigan v Bryant, 562 US —, —, 131 S Ct 1143, 1157 [2011]; People v Johnson, 1 NY3d 302 [2003]; People v Williams, 44 AD3d 326 [1st Dept 2007]). For this reason, it is considered reliable because it is presumed that the excited state of the declarant prevents her from forming a falsehood. (Id.) In determining whether an out-of-court statement is an excited utterance the court must “assess . . . the nature of the startling event and the amount of time which has lapsed between the occurrence and the statement” (People v Edwards, 47 NY2d 493, 497 [1979]). Moreover, the court must take into account whether there was a sufficient time and opportunity between the startling event and the time of the declarant’s statement to deviate from the truth. (Id.)
A second exception to the hearsay rule is present sense impression. This exception is defined as a “spontaneous description[ ] of events made substantially contemporaneously with the observations” (People v Brown, 80 NY2d 729, 734 [1993]). This particular out-of-court statement is admissible as an exception to the hearsay rule “if the description[ ] [is] sufficiently corroborated by other evidence.” (Id.)
The first of the three 911 calls the PA seeks to introduce into evidence consists of a statement by a female caller who informs the 911 operator that she was on bus No. 42 when she observed five or six kids assault a young man and then observed the kids run from the scene. The caller goes on to explain to the operator that the victim needs medical assistance due to bruises on his face and bleeding from his mouth and ear.
It is evident from the 911 tape provided to the court that the telephone call to the 911 operator took place immediately after the assault because the declarant describes how two minutes prior to calling 911 she was on the Bronx bus No. 42 and had to exit the bus due to an assault on the bus. The caller explicitly requests medical assistance for the injured victim. This 911 caller was in an apparent excited state as evident by the exigency in her voice and the chaos of others yelling and speaking loudly in the background.
*585 Similarly, another one of the three 911 telephone calls the PA seeks to introduce involves another female caller who informs the 911 operator that a group of “black kids” wearing a red shirt, blue shirt, white hooded sweatshirt and backpacks jumped a young man and that they ran up Bronxdale Avenue. She describes to the 911 operator that victim is bleeding a lot, has a busted tooth, and needs an ambulance. The 911 tape establishes through the operator’s questioning of the caller that the assault occurred minutes before. The caller informs the operator that five minutes earlier she observed the group of “black kids” assault the victim. As with the first female, this caller was attempting to secure medical assistance for the injured victim.
Like the first female caller the second female caller also sounded quite startled throughout the entire telephone call. Again, there were sounds of a chaotic scene with other people speaking loudly and yelling in the background. As such, the court finds that the 911 telephone calls initiated by the two female callers fit into the excited utterance exception to the hearsay rule.
The third 911 telephone call the PA seeks to introduce involves a male caller who describes to the 911 operator that he is following “five black kids” who jumped a victim. The caller informs the operator that the group is walking up Bronxdale Avenue near Tremont Avenue and describes their flight path as it was unfolding. This male 911 caller also describes that one of the kids in the group is carrying a cane and that some are wearing maroon and burgundy shirts.
The substance of the male initiated 911 telephone call fits into the present sense impression exception to the hearsay rule. The caller is undoubtedly describing his observations of the path the individuals he says assaulted the youth were taking right after the assault took place. Further, this caller’s statement is sufficiently corroborated by the testimony of the complaining witness who has previously testified in this fact-finding hearing.
Having determined that all three of the 911 statements PA seeks to introduce into evidence are admissible on the basis that they fall within exceptions to the hearsay rule the court next considers whether permitting the 911 statements into evidence violates the respondent’s Sixth Amendment right of confrontation. In a series of recent decisions the United States Supreme Court has further developed and clarified under what circumstances an out-of-court statement may be admitted into evi *586 dence in a criminal proceeding without violating an accused’s rights of confrontation (Crawford v Washington, 541 US 36 [2004]; Davis v Washington, 547 US 813 [2006]; Michigan v Bryant, 562 US —, 131 S Ct 1143 [2011]). Specifically, the Court has outlined the factors a trial court shall consider in determining whether an out-of-court statement is testimonial or non-testimonial. If an out-of-court statement is non-testimonial such statement can be admitted into evidence without violating an accused’s right of confrontation even if the declarant of the statement will not be called as a witness at trial.*
In Crawford the Court held that the out-of-court testimonial statement of a witness could not be admitted into evidence without violating an accused’s Sixth Amendment right of confrontation unless the witness was unavailable and the accused had a prior opportunity to cross-examine the witness whose statement is sought to be entered into evidence (Crawford v Washington, 541 US 36 [2004]). The Court explicitly concluded that admitting a statement into evidence on the basis that a judge has deemed it to be reliable is fundamentally at odds with an accused’s right of confrontation (Crawford v Washington, 541 US at 54).
Two years later in Davis, the Court clarified that an important aspect of the holding in Crawford was that only a testimonial statement causes a declarant to be a witness within the meaning of the Confrontation Clause (Davis v Washington, 547 US 813, 821 [2006]). Elaborating further, the Court in Davis held that statements are non-testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of a police interrogation is to enable police assistance to meet an ongoing emergency (Davis v Washington, 547 US at 827). In contrast, an interrogation where the primary purpose is to establish or prove a past event relevant to a later criminal prosecution renders it a “testimonial statement” subject to the limitations of the Confrontation Clause (Davis v Washington, 547 US at 826).
Similar to the case at bar, the facts in Davis dealt with whether a complainant’s 911 telephone call and statements to *587 law enforcement personnel that were admitted into evidence during trial violated the accused’s right of confrontation. The Court found that the 911 statement was non-testimonial and, therefore, not subject to the limitation of the Confrontation Clause because the interrogation involved an ongoing emergency where the complainant was describing actual events as she spoke to the operator about the domestic violence that was taking place. The Court noted in Davis that typically 911 telephone calls are not designed primarily to establish or prove past events but to describe current circumstances requiring police assistance (Davis v Washington, 547 US at 827).
Finally in Bryant, the last in the most recent series of Supreme Court cases addressing when an out-of-court statement can be admitted into evidence without violating an accused’s right of confrontation, the Court further outlined the circumstances and factors to consider in determining whether an out-of-court statement is, or is not, testimonial in nature. The facts in Bryant dealt with the admissibility of a shooting victim’s statement identifying the person who shot him when the police arrived at the scene of the crime and asked the victim “what had happened, who had shot him, and where the shooting had occurred” (Michigan v Bryant, 562 US —, —, 131 S Ct 1143, 1150 [2011]). The Court held that the victim’s statement to the police was non-testimonial because it was made under circumstances involving an ongoing emergency where an armed shooter whose motive and location were unknown had only minutes earlier and within a few blocks of the scene of the crime mortally wounded the victim (Michigan v Bryant, 562 US at —, 131 S Ct at 1167). Hence, the admission of the deceased victim’s statement to the police at trial did not violate Bryant’s right of confrontation. The Court in Bryant also pointed out that the situation in that case was more similar though not identical to the informal, harried 911 telephone call in Davis than to the structured, station house interview in Crawford (Michigan v Bryant, 562 US at —, 131 S Ct at 1166).
Here, as in Davis, the 911 telephone calls pertained to events actually occurring at the time the operator was making her inquiries of the caller. Further, the nature and circumstances of the 911 telephone calls involved an assault on a city bus by a group of youths upon another youth where the victim of the assault was seriously injured just minutes before within close proximity. Two of three 911 callers were requesting emergency medical attention for the youth who was assaulted with his assailants fleeing from the scene.
*588 Similar to the circumstances in Bryant the ongoing emergency in this case was broad in scope and extended beyond the assault of the one youth. The 911 callers all referenced that a group of several youths were fleeing from the scene of the assault and that at least one of them had a cane. Further, similar to the circumstance pointed out in Bryant, the statements the PA seeks to introduce into evidence were obtained informally through harried 911 calls as was the case in Davis and not as a result of a structured, station house, police interview as in Crawford.
Here, the reasonable and objective purpose of the 911 callers was to seek emergency medical attention for an injured victim of an assault by a group of youths on a city bus who were fleeing from the scene. The statements were in all respects intended to enable the police to provide assistance to meet an ongoing emergency (Michigan v Bryant, 562 US at —, 131 S Ct at 1167). Similarly, the purpose of the questions the 911 operators posed to the caller was to obtain sufficient information to provide to law enforcement so they could quickly and safely respond to the emergency.
For all of these reasons, the court finds that the introduction of the three 911 telephone calls the PA seeks to introduce into evidence is permissible for the following reasons:
• the three 911 telephone calls are nonhearsay statements since they fall into the excited utterance and present sense impression exceptions to the hearsay rule; and
• the three 911 telephone calls are non-testimonial and, therefore, do not violate respondent’s Sixth Amendment right of confrontation.

 In People v Bradley (8 NY3d 124 [2006]) and People v Nieves-Andino (9 NY3d 12 [2007]), the New York Court of Appeals adopted the holding of Crawford and Davis finding that an out-of-court statement does not violate a defendant’s right of confrontation unless the statement is testimonial in nature rather than non-testimonial. Further, the Court noted that 911 telephone calls are non-testimonial if made for the purpose of obtaining police assistance for an ongoing emergency.