# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1176

KA 09-00593

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DANIEL S. UBBINK, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 30, 2009. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree (four counts) and stalking in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of stalking in the fourth degree (Penal Law § 120.45 [2]) and four counts of criminal contempt in the second degree (§ 215.50 [3]). Contrary to defendant's contention, he was not denied due process based on Supreme Court's failure, sua sponte, to conduct a competency hearing pursuant to CPL 730.30 (2) (*see People v Chicherchia*, 86 AD3d 953, 954, *lv denied* 17 NY3d 952). "A defendant is presumed competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has 'reasonable ground . . . to believe that the defendant [is] an incapacitated person' " (*People v Morgan*, 87 NY2d 878, 880). Where the court has " 'reasonable ground for believing that a defendant is in such state of idiocy, imbecility, or insanity that he [or she] is incapable of understanding the charge, indictment or proceedings or of making his [or her] defense,' " it must direct that the defendant be examined (*People v Tortorici*, 92 NY2d 757, 765, *cert denied* 528 US 834). "[T]he decision to order a competency examination . . . lies within the sound discretion of the trial court" (*People v Williams*, 35 AD3d 1273, 1274, *lv denied* 8 NY3d 928). There is no indication in the record that the court " 'receive[d] information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted [the court] to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense' " so as

to warrant a competency examination, much less a competency hearing
(*People v Arnold*, 113 AD2d 101, 103).

We reject the further contention of defendant that he was denied
effective assistance of counsel (*see generally People v Baldi*, 54 NY2d
137, 147; *People v Tuszynski*, 71 AD3d 1407, 1408, *lv denied* 15 NY3d
810; *People v Lewis*, 67 AD3d 1396, 1396-1397, *lv denied* 14 NY3d 772).
Also without merit is defendant's contention that the court abused its
discretion when it denied defendant's repeated requests for new
counsel during the trial.  "The right of an indigent criminal
defendant to the services of a court-appointed lawyer does not
encompass a right to appointment of successive lawyers at defendant's
option" (*People v Sides*, 75 NY2d 822, 824; *see People v Kirkland*, 177
AD2d 946, 946-947, *lv denied* 79 NY2d 859).  Rather, defendant must
demonstrate good cause for the substitution, "such as a conflict of
interest or other irreconcilable conflict with counsel" (*Sides*, 75
NY2d at 824; *see People v Medina*, 44 NY2d 199, 207-208).  Prior to
trial, the court twice granted defendant's request for new counsel.
The court did not abuse its discretion in denying defendant's mid-
trial requests for the appointment of new trial counsel inasmuch as
defendant failed to demonstrate good cause for the substitution (*see
People v Sawyer*, 57 NY2d 12, 19, *rearg dismissed* 57 NY2d 776, *cert
denied* 459 US 1178).

Entered:  November 16, 2012                      Frances E. Cafarell
                                                 Clerk of the Court