■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SANCHEZ, Appellant. [999 NYS2d 409]—

Judgment, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered June 16, 2011, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, assault in the first degree, and three counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 50 years to life, unanimously affirmed.

The court properly exercised its discretion when it dismissed a selected but unsworn juror whose absence, resulting from a transportation problem, would most likely have delayed the trial for a full day, or at least for considerably more than two hours. Defendant did not preserve his claim that the court employed an incorrect standard in discharging the juror (*see People v Velez*, 255 AD2d 146 [1st Dept 1998], *lv denied* 93 NY2d 858 [1999]; *see also People v Norrell*, 105 AD3d 546, 546 [1st Dept 2013], *lv denied* 21 NY3d 1007 [2013]), and we decline to review it in the interest of justice. As an alternate holding, we reject it on the merits.

As in *People v Davis* (292 AD2d 168 [1st Dept 2002], *lv denied* 98 NY2d 674 [2002]), defendant had no objection to a delay in swearing the jurors after the completion of jury selection, and thus effectively "agreed to create a category of jurors, i.e., selected but unsworn jurors, about which the Criminal Procedure Law is silent as to criteria for discharge" (*id.* at 169). The record reveals that the court merely used CPL 270.35 as a guideline in deciding whether to delay the trial by waiting for the juror. In any event, "[t]he power to excuse an unsworn juror is much *broader* than the statutorily limited power to discharge a sworn juror" (*Velez*, 255 AD2d at 146 [emphasis added]). Therefore, if the criteria set forth in CPL 270.35 for the dismissal of a sworn juror have been met, then, a fortiori, the same considerations would warrant dismissal of a selected but unsworn juror (*see People v Williams*, 44 AD3d 326, 326 [1st Dept 2007] [dismissal of selected unsworn juror proper "even under the sworn juror standard"], *lv denied* 9 NY3d 1010 [2007]).

"The Court of Appeals has held that the 'two-hour rule' gives the court broad discretion to discharge any juror whom it determines is not likely to appear within two hours" (*People v Kimes*, 37 AD3d 1, 24 [1st Dept 2006], *lv denied* 8 NY3d 881 [2007], citing *People v Jeanty*, 94 NY2d 507, 517 [2000]). Using

the two-hour rule as a guideline, it is clear that the court providently exercised its discretion in replacing the juror with an alternate (*see e.g. Davis*, 292 AD2d at 169).

Contrary to defendant's argument, there is nothing in Judiciary Law § 517 that sheds any light on the issue of selected but unsworn jurors. It would make no sense for the absence of express statutory guidance on this issue in the Criminal Procedure Law or elsewhere to render a court powerless when such a juror, while otherwise qualified for continued service, inordinately delays the trial, even though a sworn juror may be dismissed under the same circumstances.

Defendant's pro se ineffective assistance of counsel claims involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]), and thus may not be addressed on this appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). We have considered and rejected defendant's remaining pro se claims. Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.