THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIANA BROWNE, Appellant. [41 NYS3d 238]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered October 7, 2011, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

The double jeopardy clauses of the United States Constitution (US Const 5th,14th Amends) and the New York Constitution (NY Const, art I, § 6) did not bar the retrial of the defendant after her first trial ended in a mistrial. There is no evidence that the prosecutor acted with a bad-faith intent to provoke a mistrial (see Oregon v Kennedy, 456 US 667, 673-674 [1982]; Matter of Davis v Brown, 87 NY2d 626, 630 [1996]; People v Copeland, 127 AD2d 846, 847 [1987]).

The hearing court properly determined that the defendant's statements were voluntary and spontaneous and not the product of custodial interrogation or its functional equivalent (see People v Rivers, 56 NY2d 476, 480 [1982]; People v Bajana,

82 AD3d 1111, 1111 [2011]). Moreover, the police did not violate CPL 140.20 (6) in obtaining the defendant's statements. Thus, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the statements she made to law enforcement officials. The defendant's contention that she was denied the effective assistance of trial counsel due to counsel's failure to move to reopen the suppression hearing is also without merit (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Davis*, 95 AD3d 1032, 1033 [2012]; *People v Watts*, 91 AD3d 678, 679 [2012]).

The defendant's contentions as to the People's challenges for cause to two prospective jurors are without merit (*see People v Arnold*, 96 NY2d 358, 363 [2001]; *People v Velasquez*, 79 AD3d 1153, 1154 [2010]; *People v Oliveri*, 29 AD3d 330, 331 [2006]). The defendant's contention that the Supreme Court erred in discharging selected but unsworn jurors without sufficient inquiry is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mercereau*, 84 AD3d 1270, 1271 [2011]; *People v Settles*, 28 AD3d 591, 591 [2006]) and, in any event, without merit (*see People v Sanchez*, 123 AD3d 624, 624 [2014]; *People v Velez*, 255 AD2d 146, 146 [1998]). Even if the jurors had been sworn, the discharge of these jurors at that stage of the proceeding was not improper (*see* CPL 270.35 [1]; *People v Daniels*, 59 AD3d 730, 730 [2009]; *People v Williams*, 44 AD3d 326, 326 [2007]; *People v Riccardi*, 199 AD2d 432, 432 [1993]). The defendant's contention that the court improperly discharged a sworn juror and replaced him with an alternate is also without merit. The court conducted a reasonably thorough inquiry into the juror's unavailability and providently exercised its discretion in replacing the juror after determining that the juror had not appeared within the two-hour time period set forth in CPL 270.35 (2) (*see People v Jeanty*, 94 NY2d 507, 511 [2000]).

Under the circumstances of this case, the testimony offered by the People on rebuttal regarding the defendant's taking of the victim's clothing and personal property was properly admitted for the purpose of disproving the defendant's defense that she was not guilty by reason of mental disease or defect (*see* Penal Law § 40.15; *People v Santarelli*, 49 NY2d 241, 248 [1980]; *People v Ploska*, 52 AD3d 742, 743 [2008]).

The Supreme Court properly declined to charge the jury with respect to the affirmative defense of extreme emotional disturbance, as there was no proof of a reasonable explanation or excuse for the alleged emotional disturbance (*see People v Roche*, 98 NY2d 70, 76-77 [2002]; *People v Leslie*, 41 AD3d 510, 511 [2007]).

The defendant's challenge to the Supreme Court's instruction on her affirmative defense that she was not responsible by reason of mental disease or defect is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hall*, 56 AD3d 798, 799 [2008]; *see also People v LaGuerre*, 29 AD3d 820, 823 [2006]) and, in any event, without merit (*see* CJI2d[NY] Penal Law § 40.15; *People v LaGuerre*, 29 AD3d at 823).

The defendant's contention that the sentence imposed constituted cruel and unusual punishment is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Clerge*, 69 AD3d 955, 955 [2010]) and, in any event, without merit (*see People v Jones*, 39 NY2d 694, 697 [1976]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.