People v Lacey (2024 NY Slip Op 03980)

People v Lacey

2024 NY Slip Op 03980

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

461 KA 23-00085

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICOLE M. LACEY, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered July 27, 2022. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from allegations that defendant caused the death of her boyfriend (victim)—who was the father of one of her children—by running him over with her car, defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). We affirm.
Contrary to defendant's contention, County Court properly denied that part of her omnibus motion seeking to dismiss the indictment on the ground that the integrity of the grand jury proceeding was impaired by the submission of certain inadmissible evidence. "Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (People v Huston, 88 NY2d 400, 409 [1996]) and, here, we conclude that the remaining evidence was legally sufficient to support the indictment (see People v Bullock, 213 AD3d 1351, 1352 [4th Dept 2023], lv denied 40 NY3d 933 [2023]; People v Peck, 96 AD3d 1468, 1469 [4th Dept 2012], lv denied 21 NY3d 1008 [2013]; People v Tuszynski, 71 AD3d 1407, 1408 [4th Dept 2010], lv denied 15 NY3d 810 [2010]).
Defendant also contends that the court erred in discharging a juror for cause without conducting an adequate inquiry of the juror, who the record establishes had been selected but not yet sworn as a trial juror (cf. CPL 270.15 [2]), and that the court employed an incorrect standard in discharging the juror. Defendant failed to preserve that contention for our review (see CPL 470.05 [2]; People v Browne, 144 AD3d 834, 835 [2d Dept 2016]; People v Sanchez, 123 AD3d 624, 624 [1st Dept 2014], lv denied 25 NY3d 1207 [2015]; see generally People v Hopkins, 76 NY2d 872, 873 [1990]). After the selected but unsworn juror disclosed that he and his wife had some personal connection with defendant and the victim, defense counsel initially expressed a desire to speak further with the juror, but defense counsel thereafter elicited confirmation from the prosecutor that she had a problem with the juror serving as a trial juror and, accepting the court's characterization that both the defense and the prosecution had expressed discomfort with the juror serving as a trial juror, defense counsel thanked the court after it discharged the juror for cause and never objected to the discharge of the juror on any ground (see Browne, 144 AD3d at 835; Sanchez, 123 AD3d at 624; People v Norrell, 105 AD3d 546, 546 [1st Dept 2013], lv denied 21 NY3d 1007 [2013]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Sanchez, 123 AD3d at 624; Norrell, 105 AD3d at 546).
Defendant further contends that she was denied a fair trial because a forensic pathologist was permitted to testify that, in her opinion, the victim's death was a "homicide." Although, as the People correctly concede, the court erred in allowing the forensic pathologist to opine that the death was a homicide inasmuch as such characterization improperly invaded the province of the jury (see People v Campanella, 100 AD3d 1420, 1421 [4th Dept 2012], lv denied 20 NY3d 1060 [2013]), we conclude that the error is harmless (see People v Szatanek, 169 AD3d 1448, 1450 [4th Dept 2019], lv denied 33 NY3d 981 [2019]; Campanella, 100 AD3d at 1421; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Defendant's remaining challenges to the forensic pathologist's testimony are not preserved for our review because she failed to object to the testimony on the specific grounds she now raises on appeal (see CPL 470.05 [2]; People v Bridges, 185 AD3d 1426, 1428 [4th Dept 2020], lv denied 35 NY3d 1111 [2020]). In any event, contrary to defendant's contention, "[i]t is not error for a court to admit in evidence expert testimony on cause of death that is based, in part, on nonmedical evidence" where, as here, "the opinion is also based, in part, 'on professional or medical knowledge' " (People v Neulander, 221 AD3d 1412, 1414 [4th Dept 2023], lv denied 41 NY3d 984 [2024]; see People v Ramsaran, 154 AD3d 1051, 1055 [3d Dept 2017], lv denied 30 NY3d 1063 [2017]). We further conclude that, to the extent that the forensic pathologist's spontaneous comment on the thoroughness of the police investigation constituted improper bolstering testimony, any error in admitting that testimony is harmless (see People v Jones, 142 AD3d 1383, 1384-1385 [4th Dept 2016], lv denied 28 NY3d 1073 [2016]; People v Gibson, 137 AD3d 1657, 1658 [4th Dept 2016], lv denied 27 NY3d 1151 [2016]; see generally Crimmins, 36 NY2d at 241-242).
Next, even assuming, arguendo, that defendant fully preserved for our review her challenges to the testimony of a police investigator, we conclude that any error in admitting that testimony is likewise harmless (see People v Box, 181 AD3d 1238, 1242 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S Ct 1099 [2021]; see generally People v Inoa, 25 NY3d 466, 472, 475-477 [2015]; Crimmins, 36 NY2d at 241-242). Here, "the [circumstantial] proof of defendant's commission of the charged crimes was overwhelming and we perceive no significant probability that, but for the error, the verdict, as it bore upon defendant, would have been less adverse" (Inoa, 25 NY3d at 472; see generally People v Johnson, 133 AD3d 1309, 1311 [4th Dept 2015], lv denied 27 NY3d 1000 [2016]).
As defendant correctly concedes, her further contention that she was deprived of a fair trial due to alleged instances of prosecutorial misconduct "is unpreserved for our review inasmuch as defendant did not object to any of [those] alleged instances of misconduct" (People v Pendergraph, 150 AD3d 1703, 1703 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]; see CPL 470.05 [2]; People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Watts, 218 AD3d at 1174).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, contrary to defendant's contention, the verdict is not against the weight of the evidence, particularly in light of the overwhelming circumstantial evidence presented by the People (see People v Isaac, 195 AD3d 1410, 1410 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; People v Wise, 46 AD3d 1397, 1399-1400 [4th Dept 2007], lv denied 10 NY3d 872 [2008]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court