[862 NE2d 79, 830 NYS2d 1]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN BRADLEY, Also Known as BRADLEY NORMAN, Appellant.

Argued November 15, 2006; decided December 19, 2006

## POINTS OF COUNSEL

*Legal Aid Society, Criminal Appeals Bureau,* New York City (*Andrew C. Fine, Steven Banks* and *Laura R. Johnson* of counsel), for appellant. The introduction of the nontestifying complainant's statement to a police officer accusing appellant of assaulting her deprived appellant of his right to be confronted with the witnesses against him. (*Crawford v Washington,* 541 US 36; *Ohio v Roberts,* 448 US 56; *Griffith v Kentucky,* 479 US 314; *People v Hardy,* 4 NY3d 192; *Pointer v Texas,* 380 US 400; *United States v Hinton,* 423 F3d 355; *United States v Summers,* 414 F3d 1287; *United States v Cromer,* 389 F3d 662; *United States v Hinton,* 423 F3d 355; *People v Robinson,* 97 NY2d 341.)

*Robert M. Morgenthau, District Attorney,* New York City (*Susan Axelrod* and *Mark Dwyer* of counsel), for respondent. Deborah Dixon's excited utterance given in response to Police Officer Steven Mayfield's preliminary question was not testimonial and was properly admitted at defendant's trial. (*Crawford v Washington,* 541 US 36; *People v Caviness,* 38 NY2d 227; *People v Edwards,* 47 NY2d 493; *White v Illinois,* 502 US 346; *People v Brown,* 70 NY2d 513.)

## OPINION OF THE COURT

SMITH, J.

We hold that defendant's right of confrontation was not violated by the admission into evidence of a statement made in response to a question from a police officer, where the officer's evident reason for asking the question was to deal with an emergency.

## Facts and Procedural History

Defendant was convicted of aggravated criminal contempt, criminal contempt in the first degree and assault in the third degree. The People claimed, and the jury found, that defendant had physically attacked his girlfriend, Debbie Dixon, at a time when two orders of protection directing him to stay away from Dixon were in force.

The People's only witness at trial was Officer Steven Mayfield. Mayfield testified that, in response to a 911 call, he ar-

rived at the door of an apartment and was met there by Dixon, who was visibly shaken, had blood on her face and clothing, was bleeding profusely from one hand, and walked with a noticeable limp. Mayfield testified: "I asked her what happened, and she stated her boyfriend threw her through a glass door." Mayfield entered the apartment, found defendant there, and observed a glass door with several panes broken out of it and glass on the floor.

Because Dixon was unavailable at trial, the trial court allowed her statement, as recounted by Mayfield, into evidence as an "excited utterance." Defendant appealed from his conviction, contending that the statement was admitted in violation of his Confrontation Clause rights. The Appellate Division affirmed, and we now affirm.

## Discussion

The Sixth Amendment to the United States Constitution protects the right of every defendant in a criminal case "to be confronted with the witnesses against him." Article I, section 6 of the New York Constitution also gives a right of confrontation, in virtually identical language. Our interpretation of the federal Confrontation Clause is controlled by the Supreme Court's recent decisions in *Crawford v Washington* (541 US 36 [2004]) and *Davis v Washington* (547 US —, 126 S Ct 2266 [2006]). Defendant here relies on both the federal and state Confrontation Clauses, but does not suggest that the two be interpreted differently, and we therefore accept the holdings of *Crawford* and *Davis* as the basis for our decision under both constitutions.

It is clear from *Crawford* and *Davis* that the admission of a statement made out of court does not violate a defendant's Confrontation Clause rights unless the out-of-court statement is "testimonial" (*see Davis*, 547 US at —, 126 S Ct at 2273). The Confrontation Clause, the Court said in *Crawford*, "applies to 'witnesses' against the accused—in other words, those who 'bear testimony' " (541 US at 51 [citation omitted]). In *Crawford*, the Supreme Court made clear that a "formal statement to government officers" would qualify as testimonial, while a "casual remark to an acquaintance" would not, but did not adopt a definition of "testimonial" (*id.*). *Crawford* involved a witness's "recorded statement," given at a police station after *Miranda* warnings, "in response to structured police questioning"; the Court found that statement would qualify as testimonial "under any conceivable definition" (*id.* at 53 n 4).

*Davis* and its companion case, *Hammon v Indiana*, presented closer questions, and required the Court to define "testimonial" with more precision. *Davis* involved statements made during a 911 call by a victim of domestic violence who, in response to questions from the 911 operator, described an assault upon her as it was happening. *Hammon* involved a statement by the defendant's wife taken after officers had come to the couple's home; finding the situation calm when they arrived, the officers took the wife into a separate room, kept her husband away from her, and got a detailed account of what her husband had done. The Supreme Court held that the statements in *Davis* were not testimonial, but that those in *Hammon* were. The Court explained its holdings as follows:

> "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." (547 US at —, 126 S Ct at 2273-2274.)

The facts of this case are between those in *Davis* and *Hammon*: Dixon was neither describing a present event as it occurred, nor responding to detailed questioning in a calm, secure setting. But under the test the Supreme Court stated in *Davis*, Dixon's statement was clearly not testimonial. It was "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation [was] to enable police assistance to meet an ongoing emergency." (547 US at —, 126 S Ct at 2273.)

When Mayfield, responding to a 911 call, arrived at Dixon's door and was met by an emotionally upset woman smeared with blood, his first concern could only be for her safety. His immediate task was to find out what had caused the injuries so that he could decide what, if any, action was necessary to prevent further harm. Asking Dixon "what happened" was a normal and appropriate way to begin that task, and the officer promptly entered the apartment, as an officer dealing with an emergency would be expected to do.

Defendant emphasizes that Mayfield's question to Dixon was in the past tense: He said "what happened?" not "what's hap-

pening?" From this, and from the fact that no attacker was in sight at the moment, defendant would have us infer, in the words of *Davis*, that "there [was] no . . . ongoing emergency, and that the primary purpose of the interrogation [was] to establish or prove past events . . . ." We do not find the inference a likely one. The officer's purpose in questioning Dixon is shown more persuasively by the facts that came to his attention—a 911 call, a distressed and injured woman—and by the action he took after Dixon answered his question—entering the apartment, without lingering to find out more detail—than by his choice of tense. Any responsible officer in Mayfield's situation would seek to assure Dixon's safety first, and investigate the crime second. Because Dixon's statement was made when the officer could reasonably have assumed, and apparently did assume, that he had an emergency to deal with, her statement was not testimonial under *Crawford* and *Davis*.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and PIGOTT concur.

Order affirmed.