■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUHS, Appellant. [884 NYS2d 479]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered June 13, 2007, convicting him of assault in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted for assault in the first degree and endangering the welfare of a child based on allegations that, while babysitting his girlfriend's three-year-old son, he intentionally placed the child's feet and lower legs into a tub containing scalding water, resulting in severe burns. At trial, the Supreme Court permitted an emergency room pediatrician who treated the child to testify that when she asked the child why he had not stepped out of the tub, the child said that the defendant "wouldn't let me out."

Contrary to the defendant's argument, the testimony of the emergency room pediatrician as to the child's statement was properly admitted into evidence. The physician testified, at a pretrial hearing, that the statement was made in response to a question she asked in order to ascertain whether the child had any neurological injury or deficit. Since the statement was thus

germane to the child's diagnosis and treatment, it falls within an exception to the rule against hearsay (*see People v James*, 19 AD3d 616, 617 [2005]; *People v Dagoberto*, 16 AD3d 595 [2005]; *People v Goode*, 179 AD2d 676, 677 [1992]).

The admission of the statement also did not violate the defendant's constitutional right to confront the witnesses against him (*see Crawford v Washington*, 541 US 36 [2004]; *People v Rawlins*, 10 NY3d 136, 148 [2008], *cert denied* 557 US —, 129 S Ct 2856 [2009]; *cf. People v Goldstein*, 6 NY3d 119, 128-129 [2005], *cert denied* 547 US 1159 [2006]; *People v Rogers*, 8 AD3d 888, 891 [2004]). An out-of-court statement implicates the defendant's Sixth Amendment rights only when it is testimonial in nature (*see Davis v Washington*, 547 US 813, 821-822 [2006]; *People v Rawlins*, 10 NY3d at 148; *People v Nieves-Andino*, 9 NY3d 12, 15 [2007]; *People v Bradley*, 8 NY3d 124, 126-127 [2006]). Here, however, the statement was not testimonial, as it was elicited in furtherance of the medical treatment necessary to address the ongoing emergency caused by the child's condition (*see Giles v California*, 554 US —, —, 128 S Ct 2678, 2692-2693 [2008]; *Bush v State*, 193 P3d 203, 213 [Wyo 2008]; *State v Schaer*, 757 NW2d 630, 636-637 [Iowa 2008]; *Hester v State*, 283 Ga 367, 371, 659 SE2d 600, 604-605 [2008]).

The defendant's contention that the People's expert should not have been permitted to testify that the child's injuries were intentionally inflicted is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are without merit. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.