■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SHAW, Appellant. [914 NYS2d 155]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered June 10, 2008, convicting defendant, after a jury trial, of rape in the first degree and burglary in the first degree, and sentencing him, as a second violent felony offender, to consecutive terms of 12½ to 25 years and 3½ to 7 years, unanimously affirmed.

The court did not violate defendant's right of confrontation when it received two declarations by the nontestifying victim in which she described being raped, since neither declaration was testimonial. The victim died before defendant was identified,

years later, by means of DNA evidence. At trial, the sole issue was consent.

The first declaration was made to a police officer who responded shortly after the crime. This statement was not testimonial, because it was primarily made "to enable police assistance to meet an ongoing emergency" (*Davis v Washington*, 547 US 813, 822 [2006]; *People v Nieves-Andino*, 9 NY3d 12 [2007]; *People v Smith*, 37 AD3d 333 [2007], *lv denied* 8 NY3d 950 [2007]). Rather than gathering information about past events for the purpose of future prosecution, the officer's primary purpose was to ascertain what had happened and deal with the danger posed to other persons in the area by a knife-wielding suspect who had just committed a violent crime, and who might have still been nearby. A second aspect of the ongoing emergency was the officer's need to learn the facts in order to determine whether the victim required prompt medical assistance.

The second declaration at issue was made to a gynecologist who examined the victim at a hospital. This was not testimonial, because the doctor acted primarily as a treating physician (*see People v Duhs*, 65 AD3d 699 [2009], *lv granted* 14 NY3d 887 [2010]), and her role in gathering evidence for the police by way of a rape kit was secondary. Although the gynecologist prepared a sexual assault form and questionnaire as part of the rape kit, neither was received in evidence.

In any event, any error in admitting either or both declarations was harmless, since these declarations were cumulative to unchallenged declarations made to other persons and admitted into evidence, and since there was overwhelming evidence establishing the element of force (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's trial counsel did not render ineffective assistance by failing to challenge the constitutionality under *Apprendi v New Jersey* (530 US 466 [2000]) of the procedure by which the court imposed consecutive sentences, since such a challenge would have been unavailing (*see Oregon v Ice*, 555 US 160 [2009]).

We have considered and rejected the claims contained in defendant's pro se supplemental brief. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.