[947 NE2d 617, 922 NYS2d 843]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUHS, Appellant.

Argued February 17, 2011; decided March 29, 2011

406

**POINTS OF COUNSEL**

*Appellate Advocates*, New York City (*Erin R. Collins* and *Lynn W.L. Fahey* of counsel), for appellant. I. The court denied appellant his constitutional right to confrontation by letting the People decline to call the child complainant, and instead present his accusation through the testimony of a physician and "mandated child abuse reporter," who reported it to the police, but never recorded it in the medical record. (*People v Pacer*, 6 NY3d 504; *Crawford v Washington*, 541 US 36; *Davis v Washington*, 547 US 813; *People v Goldstein*, 6 NY3d 119; *California v Green*, 399 US 149; *Coy v Iowa*, 487 US 1012; *People v Cintron*, 75 NY2d 249; *Davis v Alaska*, 415 US 308; *Pointer v Texas*, 380

US 400; *People v Arroyo*, 54 NY2d 567.) II. Since the three-year-old complainant would not have understood his response to a doctor's question, posed almost an hour into treatment, to be medically significant, it was inadmissible under New York's "medical treatment" hearsay exception. (*Davidson v Cornell*, 132 NY 228; *People v Huertas*, 75 NY2d 487; *People v Nieves*, 67 NY2d 125; *People v Settles*, 46 NY2d 154; *People v Brown*, 80 NY2d 729; *People v Caviness*, 38 NY2d 227; *White v Illinois*, 502 US 346; *Scott v Mason*, 155 AD2d 655; *People v Thomas*, 282 AD2d 827; *People v Torres*, 175 AD2d 635.)

*Daniel M. Donovan, Jr., District Attorney*, Staten Island (*Anne Grady* and *Morrie I. Kleinbart* of counsel), for respondent. Because the infant complainant's statements were necessary to treat his injuries, they were nontestimonial and their admission did not violate defendant's Sixth Amendment confrontation right. (*Davis v Washington*, 547 US 813; *Crawford v Washington*, 541 US 36; *People v James*, 19 AD3d 616; *People v Caccese*, 211 AD2d 976; *People v Dennee*, 291 AD2d 888; *Williams v Alexander*, 309 NY 283; *People v Cratsley*, 86 NY2d 81; *People v Scott*, 294 AD2d 661; *Scott v Mason*, 155 AD2d 655; *People v Townsley*, 240 AD2d 955.)

## OPINION OF THE COURT

Pigott, J.

Defendant, who was babysitting his girlfriend's three-year-old son, allegedly placed the child's feet and lower legs into a tub filled with scalding hot water, resulting in second and third degree burns. When the child's mother returned home approximately five hours later, defendant and the mother took the child to the hospital, where he was examined and treated by an emergency room pediatrician.

At trial, the court permitted the pediatrician to testify about a statement the child made outside the presence of his mother and defendant. Specifically, when the pediatrician asked the child why he did not get out of the tub, he responded, "he wouldn't let me out." The pediatrician did not include this statement in the child's medical records, nor did the child testify at trial. Defendant was convicted of assault in the first degree and endangering the welfare of a child, and, on appeal, the Appellate Division affirmed (65 AD3d 699 [2009]). A Judge of this Court granted leave (14 NY3d 887 [2010]).

The only issues before us are whether the trial court erred in allowing the pediatrician's testimony concerning the child's

statement in evidence as germane to the child's medical diagnosis and treatment, and whether its admission violated defendant's constitutional right to confront the witnesses against him.

■ Supreme Court properly concluded that the child's statement was germane to his medical diagnosis and treatment and therefore was properly admitted under that exception to the hearsay rule. When seeking treatment for injuries, there is a "strong inducement for the patient to speak truly of his pains and sufferings" and therefore "statements expressive of [a patient's] present condition are permitted to be given as evidence only when made to a physician for the purposes of treatment" (*Davidson v Cornell*, 132 NY 228, 237-238 [1892]).

Here, the pediatrician testified that, during her initial assessment, she observed that the child had sustained second and third degree burns to his feet and legs. The pediatrician testified that she asked the child how he had been injured to determine the time and mechanism of the injury so she could properly administer treatment, the type of treatment being dependent on when and how the child was injured. Moreover, the pediatrician testified that by asking the question, she was trying to ascertain whether the child had a predisposing condition, such as a neurological disorder (e.g., was prone to seizures or developmental delays) that may have prevented him from getting out of the bathtub.

Defendant nevertheless contends that, by allowing the pediatrician to testify as to what the child told her, he was deprived of his Sixth Amendment right to confront the witness against him in violation of *Crawford v Washington* (541 US 36 [2004]) and *Davis v Washington* (547 US 813 [2006]). The United States Supreme Court held in those cases that the Confrontation Clause prohibits the "admission of testimonial statements of a witness who [does] not appear at trial unless [the witness] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination" (*Davis*, 547 US at 821, quoting *Crawford*, 541 US at 53-54).

At issue here is whether the child's statement to the pediatrician was testimonial, as defendant claims, or nontestimonial, as the People assert. In *Davis*, the Supreme Court held that only "testimonial statements" can "cause the declarant to be a 'witness' within the meaning of the Confrontation Clause," and "[i]t is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional

limitations upon hearsay evidence, is not subject to the Confrontation Clause" (547 US at 821). "Statements are nontestimonial when made in the course of . . . interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to . . . meet an ongoing emergency" and "are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution" (*Michigan v Bryant*, 562 US —, —, 131 S Ct 1143, 1154 [2011], quoting *Davis*, 547 US at 822).

The "primary purpose" test reflects an "important distinction between a statement (generated through police interrogation or otherwise) that 'accuses' a perpetrator of a crime . . . versus one that serves some other nontestimonial purpose" (*People v Rawlins*, 10 NY3d 136, 148 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]). Significantly, "[t]he lodestar . . . that emerges from *Davis* is the *purpose* that the statement was intended to serve" (*id.*). Indeed, the Supreme Court recently explained that

"[w]hen, as in *Davis*, the primary purpose of an interrogation is to respond to an 'ongoing emergency,' its purpose is not to create a record for trial and thus is not within the scope of the Clause. But there may be *other* circumstances, aside from ongoing emergencies, when a statement is not procured with a primary purpose of creating an out-of-court substitute for trial testimony. In making the primary purpose determination, standard rules of hearsay, designed to identify some statements as reliable, will be relevant. Where no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause" (*Bryant*, 562 US at —, 131 S Ct at 1155).

Applying the primary purpose test here, it is evident that the statement "he wouldn't let me out" was not of a testimonial character, since the primary purpose of the pediatrician's inquiry was to determine the mechanism of injury so she could render a diagnosis and administer medical treatment. Moreover, the Supreme Court has noted that "statements to physicians in the course of receiving treatment would be excluded, if at all, only by hearsay rules" and not the Confrontation Clause (*Giles*

*v California*, 554 US 353, 376 [2008]; *see Bryant*, 562 US at — n 9, 131 S Ct at 1157 n 9).

Finally, it is of no moment that the pediatrician may have had a secondary motive for her inquiry, namely, to fulfill her ethical and legal duty, as a mandatory reporter of child abuse, to investigate whether the child was potentially a victim of abuse. Her first and paramount duty was to render medical assistance to an injured child. Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed.