15-647-pr
*Duhs v. Capra*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand sixteen.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

MICHAEL DUHS,
> *Petitioner-Appellee*,

v.                                                    No. 15-647-pr

MICHAEL CAPRA, Superintendent of Sing Sing Correctional Facility,
> *Respondent-Appellant.*

_____

FOR PETITIONER-APPELLEE:          NORMAN TRABULUS, New York, NY.

FOR RESPONDENT-APPELLANT:          ANNE GRADY, Assistant District Attorney (Morrie I. Kleinbart, Assistant

District Attorney, *on the brief*), *for* Daniel L. Master, Jr., Acting District Attorney, Richmond County District Attorney's Office, Staten Island, NY.

Appeal from the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED.**

Respondent-Appellant Michael Capra, the superintendent of Sing Sing Correctional Facility, appeals from a final judgment of the United States District Court of the Eastern District of New York, entered February 10, 2015, granting Petitioner-Appellee Michael Duhs's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Duhs v. Capra, 83 F. Supp. 3d 435 (E.D.N.Y. 2015). The petition sought release from custody based on a judgment of the New York State Supreme Court rendered on June 13, 2007, following a jury verdict finding Duhs guilty of Assault in the First Degree, in violation of N.Y.P.L § 120.10(1), and Endangering the Welfare of a Child, in violation of N.Y.P.L. § 260.10(1). The underlying conviction arose from an incident in which the three-year-old son of Duhs's girlfriend suffered a serious injury while in Duhs's care. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

The question presented is whether the state courts unreasonably applied governing Supreme Court precedents in holding that the admission of a statement made by the child to a treating physician did not violate Duhs's rights under the Confrontation Clause. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the

2

right . . . to be confronted with the witnesses against him." U.S. Const. amend VI. The Supreme Court determined in Crawford v. Washington that the Amendment forbids the admission of testimonial statements by persons not subject to cross-examination by the accused, but did not articulate a comprehensive definition of "testimonial," an omission that the Court acknowledged would cause "interim uncertainty," 541 U.S. 36, 68 n.10 (2004). Until the recent decision in Ohio v. Clark, 135 S. Ct. 2173 (2015), discussed further below, the Court had defined "testimonial" only in the context of cases involving questioning by law enforcement officers. See, e.g., Michigan v. Bryant, 562 U.S. 344, 367 (2011); Davis v. Washington, 547 U.S. 813, 823 n.2 (2006).

In Davis, the Court held that "[s]tatements . . . are testimonial when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." 547 U.S. at 822. In Bryant, the Court elaborated that under the "primary purpose" test, a court must perform a "combined inquiry that accounts for both the declarant and the interrogator," 562 U.S. at 367, and that "the relevant inquiry is not the subjective or actual purpose of the individuals involved in a particular encounter, but rather the purpose that reasonable participants would have had, as ascertained from the individuals' statements and actions and the circumstances in which the encounter occurred," id. at 360.

3

The New York Court of Appeals affirmed the judgment of conviction against Duhs. The court ruled:

> Applying the primary purpose test here, it is evident that the statement "he wouldn't let me out" was not of a testimonial character, since the primary purpose of the pediatrician's inquiry was to determine the mechanism of injury so she could render a diagnosis and administer medical treatment. Moreover, the Supreme Court has noted that "statements to physicians in the course of receiving treatment would be excluded, if at all, only by hearsay rules" and not the Confrontation Clause.

People v. Duhs, 16 N.Y.3d 405, 409 (2011), quoting Giles v. California, 554 U.S. 353, 376 (2008). The court further concluded that "it is of no moment that the pediatrician may have had a secondary motive for her inquiry, namely, to fulfill her ethical and legal duty, as a mandatory reporter of child abuse, to investigate whether the child was potentially a victim of abuse," because her primary duty was to "render medical assistance to an injured child." Id. at 410.

Reviewing the case on Duhs's petition for habeas corpus, however, the district court held that "[t]he New York state courts unreasonably applied clearly established law by failing to objectively evaluate the statements and actions of *all* the parties to the encounter," 83 F. Supp. 3d at 465 (internal quotation marks and alterations omitted), because "[t]here was no 'combined inquiry' of the interrogator's posture and that of the declarant" and "the court restricted its inquiry to the purpose of the resident doctor as medical caretaker, rather than also considering her position as a compelled enforcer of state criminal and civil abuse of children and the possibility that the child conceived the inquiry

4

as one to determine his own guilt," id. Determining that the admission of the child's statement violated the Confrontation Clause, and that the error was not harmless because the statement was critical to finding the element of intent for the assault charge, the district court granted the writ. Id. at 472.

The district court erred in its analysis by misapprehending the degree of deference accorded to state courts under federal habeas review. A petitioner requesting a writ of habeas corpus under § 2254 must show that the challenged state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under that standard, a writ of habeas corpus will issue only if "a state court's application of federal law . . . is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (per curiam) (internal quotation marks and citations omitted). Thus, even a showing of "clear error" will not suffice. White v. Woodall, 134 S. Ct. 1697, 1702 (2014).

At the time the state courts addressed this case, it presented a close issue with no controlling Supreme Court precedent. Since the Supreme Court had never applied the "combined inquiry" or objective understanding standards outside the law enforcement context, and indeed had suggested, albeit in passing dictum, that the Confrontation Clause might not apply at all to "statements to physicians in the course of receiving treatment,"

5

Giles, 554 U.S. at 376, any arguable deviation from the methodology used by the Supreme Court in the police context in assessing the "primary purpose" of statements made in the course of medical treatment cannot be held an unreasonable application of Supreme Court law.

Moreover, since the decisions of the New York Court of Appeals and the district court, the Supreme Court has decided a case close on its facts to this one. That decision makes it even clearer that the state courts' actions do not contravene clearly established Supreme Court precedent. Ohio v. Clark is the Supreme Court's first post-Crawford decision regarding questioning by anyone *other* than a law enforcement officer. In Clark, the Court applied the "primary purpose" test to the questioning of a young child by a person not involved in law enforcement, but who, like the physician in this case, had a duty under state law to report suspected child abuse. The Court held, as the state courts did here, that the statements were nontestimonial. 135 S. Ct. at 2180-81. The Court ruled that statements to individuals who are not law-enforcement officers "are much less likely to be testimonial than statements to law enforcement officers" and that "[s]tatements by very young children will rarely, if ever, implicate the Confrontation Clause." Id. at 2181-82. Even assuming for the sake of argument that Clark is distinguishable from the case before us, the Supreme Court's decision makes it apparent that the decision of the state courts in this case was not contrary to, or an unreasonable interpretation of, established Supreme Court law.

6

We have considered Duhs's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **REVERSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk