The People of the State of New York, Respondent,
against
Ravi Hunter, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), rendered December 3, 2013. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree.




ORDERED that the judgment of conviction is reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed. 
Insofar as is relevant to this appeal, following a nonjury trial, defendant was convicted of harassment in the second degree (Penal Law § 240.26 [1]). At trial, the Criminal Court admitted into evidence, as excited utterances, over defendant's objections, the statements that the complainant, defendant's wife, who did not testify at trial, had made to the responding police officer at the scene of the incident. On appeal, defendant contends that the admission of these statements into evidence deprived him of his right to confront witnesses against him. We agree.
It is well settled that both the United States and New York Constitutions prohibit the admission of testimonial statements of a witness who does not appear at trial unless that witness is unavailable to testify and the defendant has had a prior opportunity for cross-examination (see US Const 6th Amend; NY Const, art I, § 6; Davis v Washington, 547 US 813, 821 [2006]; Crawford v Washington, 541 US 36, 53-54 [2004]; People v Brown, 13 NY3d 332, 338 [2009]). A review of the record establishes that the admission into evidence, as excited utterances, of the complainant's statements to the responding police officer was improper, inasmuch the record supports a finding that the statements were made in a "secure setting" (People v Bradley, 8 NY3d 124, 127 [2006]) and were not " made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation [was] to enable police assistance to meet an ongoing emergency' " (People v Bradley, 8 NY3d at 127, quoting Davis v Washington, 547 US at 822). Rather, the primary purpose of the police officer's interrogation of the complainant was " to establish or prove past events' " (People v Bradley, 8 NY3d at 128, quoting Davis v Washington, 547 US at 822), and the complainant's statements were "the product of studied reflection and possible fabrication" (People v Johnson, 1 NY3d 302, 306 [2003]). Consequently, their admission into evidence violated defendant's right to confront witnesses against him (see People v Nieves-Andino, 9 NY3d 12, 14-16 [2007]; People v Bradley, 8 NY3d at 127; People v Clay, 88 AD3d 14, 17-25 [2011]; People v Coleman, 16 AD3d 254 [2005]; see also Michigan v Bryant, 562 US 344 [2011]; Davis v Washington, 547 US at 822]). In view of the fact that defendant has completed his sentence, as a matter of discretion in the interest of justice we dismiss the accusatory instrument (see People v Flynn, 79 NY2d 879 [1992]; People v West, 56 NY2d 637 [1982]; People v Burwell, 53 NY2d 849 [1981]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed. 
Elliot, J.P., Weston and Solomon, JJ., concur
Decision Date: August 01, 2016