NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0070n.06

No. 16-3522

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 26, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICHARD DORSEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| BRIAN COOK, Warden, | ) | OHIO |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE: MERRITT, CLAY, and DONALD, Circuit Judges.

**PER CURIAM.** Richard Dorsey appeals the district court's judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.

Dorsey was charged with rape and gross sexual imposition. Because the victim was deceased at the time of Dorsey's trial, the prosecution elicited testimony from Kailey Mahan, a registered nurse and sexual assault nurse examiner, who interviewed and physically examined the victim as part of a sexual assault evaluation. Mahan testified that the evaluation was for both medical and legal purposes. As part of the evaluation, Mahan completed a Sexual Assault Forensic Exam form, and collected biographical information, medical history, and information related to the assault. Mahan noted that the victim signed a consent form that authorized her to provide information to law enforcement for purposes of criminal investigation and prosecution. Mahan ultimately related to the jury the victim's claim that Dorsey sexually assaulted her.

The jury found Dorsey guilty of rape and three counts of gross sexual imposition. The trial court sentenced Dorsey to an aggregate prison term of ten years. On appeal, Dorsey argued, among other things, that his rights under the Confrontation Clause were violated by the admission of Mahan's testimony concerning the victim's out-of-court statements. The Ohio Court of Appeals affirmed the trial court's judgment, concluding that the introduction of the victim's statements through Mahan did not violate Dorsey's confrontation rights. *State v. Dorsey*, No. 11 CA 39, 2012 WL 525529 (Ohio Ct. App. Feb. 17, 2012). The court reasoned that the victim's statements were not testimonial because the primary purpose of the statements was for medical diagnosis and treatment, and the victim's objective motivation in making the statements was to assist her medical providers. *Id.* at *4. The Ohio Supreme Court declined to review the case. *State v. Dorsey*, 969 N.E.2d 271 (Ohio 2012) (table).

Dorsey filed a federal habeas petition, asserting the same confrontation claim that he raised in state court. The district court denied the petition, concluding that the Ohio Court of Appeals did not unreasonably apply clearly established federal law by determining that the victim's statements were not testimonial. The district court issued a certificate of appealability.

On appeal, Dorsey argues that the district court erred by concluding that his confrontation rights were not violated by Mahan's testimony. When reviewing the denial of a habeas petition, we review the district court's legal conclusions *de novo* and its factual determinations for clear error. *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013). Under the Antiterrorism and Effective Death Penalty Act of 1996, we must deny habeas relief as to any claim that was adjudicated on the merits in state court unless the adjudication was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court or based on an unreasonable determination of the facts in light of the evidence presented in the

state-court proceeding. 28 U.S.C. § 2254(d). A state court's decision is contrary to Supreme Court precedent if the state court reaches a conclusion opposite to that reached by the Supreme Court on a question of law, or the state court reaches a different result from the Supreme Court when confronting materially indistinguishable facts. *Coley*, 706 F.3d at 748-49. A state court's decision is an unreasonable application of clearly established federal law if the court identifies the correct legal rule but unreasonably applies it to the facts of the case. *Id.* at 749. "[C]learly established Federal law . . . refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quotation and internal brackets omitted).

The Confrontation Clause prohibits the admission of testimonial statements by a non-testifying witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). In *Crawford*, the Court did not attempt to "spell out a comprehensive definition of 'testimonial,'" but it noted that "testimonial" includes police interrogations and prior testimony at a preliminary hearing, before a grand jury, or at a former trial. *Id.* In subsequent cases, the Court has held that statements made during police interrogation are testimonial when the circumstances objectively indicate that the primary purpose of the interrogation is to prove past events potentially relevant to later criminal prosecution and non-testimonial when the circumstances objectively indicate that the primary purpose of the interrogation is to enable police to meet an ongoing emergency. *Ohio v. Clark*, 135 S. Ct. 2173, 2179-80 (2015) (discussing *Davis v. Washington*, 547 U.S. 813 (2006) and *Michigan v. Bryant*, 562 U.S. 344 (2011)).

Here, the state appellate court's denial of Dorsey's confrontation claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The Supreme Court has not addressed whether a statement is testimonial when it is made for the dual purpose of obtaining medical care and providing evidence for later criminal prosecution. Nothing in *Crawford* or subsequent Supreme Court cases interpreting the meaning of "testimonial," including the cases cited by Dorsey, compels the conclusion that statements made to a sexual assault nurse examiner for both medical and legal purposes are testimonial. Because there could be fair-minded disagreement about whether such statements are testimonial, we cannot grant Dorsey habeas relief. *See White v. Woodall*, 134 S. Ct. 1697, 1706-07 (2014); *Tapke v. Brunsman*, 565 F. App'x 430, 436 (6th Cir. 2014).

Accordingly, we **AFFIRM** the district court's judgment.

**MERRITT, Circuit Judge, concurring.** I concur in the per curiam opinion of my colleagues but would add that the case of *Michigan v. Bryant*, 131 S. Ct. 1143, 1155-57 (2011), has reintroduced into Sixth Amendment "confrontation" jurisprudence the question of "reliability" that hearsay analysis considered before *Crawford v. Washington*, 541 U.S. 36 (2004), abandoned it in favor of a standard based upon an unclear principle asking whether the hearsay in question was "testimonial" in nature. *See* Julia Chapman, *Nursing the Truth: Developing a Framework for Admission of SANE (Sexual Assault Nurse Examiner) Testimony under the Medical Treatment Hearsay Exception and the Confrontation Clause*, 50 Am. Crim. L. Rev. 277 (2013), involving a discussion of this very *Dorsey* case now before us on habeas review. The unavailable victim's hearsay statements introduced through the nurse were part of an emergency situation. There is no reason to believe that the victim did not correctly relate the events that occurred or that either the victim or the nurse falsely recounted the events. A 7-person majority in the *Bryant* case has now clearly rejected the dissent in the *Bryant* case. The dissent argued that the independent assessment of "reliability" by the Court had been foreclosed in *Crawford* by making the only relevant question one of whether the hearsay was "testimonial."