16-3542-pr
*Pham v. Kirkpatrick*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand eighteen.

PRESENT:    ROBERT D. SACK,
            BARRINGTON D. PARKER,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

-----------------------------------------------------------------------
MARC PHAM,
                        *Petitioner-Appellant,*

v.                                          No. 16-3542-pr

M. KIRKPATRICK, Superintendent, Clinton Correctional Facility,
                        *Respondent-Appellee.*
-----------------------------------------------------------------------

FOR APPELLANT:              MALVINA NATHANSON, New York, NY.

FOR APPELLEE:               DENNIS A. RAMBAUD, Assistant Attorney
                            General (Nikki Kowalski, Deputy Solicitor
                            General, Barbara D. Underwood, Solicitor
                            General, *on the brief*) *for* Eric T. Schneiderman,
                            Attorney General of the State of New York, New
                            York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 21, 2016, is **AFFIRMED**.

On September 20, 2012, a jury in Albany, New York, convicted petitioner-appellant Marc Pham of "rape in the first degree, criminal sexual act in the first degree, criminal contempt in the first degree, criminal contempt in the second degree and tampering with a witness in the fourth degree." *People v. Pham* ("*Pham I*"), 118 A.D.3d 1159, 1159-60 (N.Y. App. Div. 3d Dep't 2014). Before trial, the rape victim died of a heart attack unrelated to the crime. The only substantial description of the rape introduced by the state at trial came from the notes of the emergency room doctor who treated the victim on the night of the assault. The doctor read the notes as a part of her testimony at trial. After unsuccessfully pursuing a direct appeal in the state courts, Pham filed a habeas petition in the United States District Court for the Northern District of New York arguing, inter alia, that the trial court's admission into evidence through the doctor's testimony of the victim's contemporaneous statements to the emergency room doctor violated his Confrontation Clause rights. *See Pham v. Kirkpatrick* ("*Pham II*"), 209 F. Supp. 3d 497, 501 (N.D.N.Y. 2016). The District Court denied the petition, holding that the state court's conclusion that the statements were nontestimonial and therefore admissible was not contrary to, nor an unreasonable application of, clearly established federal law. *See id.* at 505-06. We granted Pham's motion for a certificate of appealability on this issue. We assume the parties' familiarity with the facts and the record of the prior proceedings, to which we refer here only as necessary to explain our decision to affirm.

A federal court must deny a prisoner's petition for a writ of habeas corpus with respect to a state court conviction unless the federal court concludes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In considering such a petition, the federal court is obligated to defer to the state court's ruling unless "there is no possibility fairminded jurists could disagree that the state court's decision" conflicted with governing Supreme Court law. *Nevada v. Jackson*, 569 U.S.

505, 508-09 (2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). If Supreme Court cases give "no clear answer to the question presented," the state court's decision generally cannot be held to be unreasonable. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam). Pham's case fails to meet this exacting standard.

The Sixth Amendment ensures a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. Out-of-court statements sought to be introduced into evidence at trial are subject to Confrontation Clause requirements if they are "testimonial." *Michigan v. Bryant*, 562 U.S. 344, 356-58 (2011). Statements are "testimonial" if the "primary purpose of the interrogation" that elicited the statements was to create "an out-of-court substitute for trial testimony." *Id.* The primary purpose of an interrogation that is subject to such scrutiny is determined through an "objective analysis of the circumstances of an encounter and the statements and actions of the parties to it." *Id.* at 360.

Although it has since suggested that a broader rule is at least "conceivabl[e]," *Ohio v. Clark*, 135 S. Ct. 2173, 2181 (2015), when it decided *Bryant* the Supreme Court had applied the Confrontation Clause analysis to interpersonal statements only if those statements were made by the declarant to law enforcement personnel. As it had in earlier decisions, the Court in *Bryant* explicitly reserved the question "whether and when statements made to someone other than law enforcement personnel are testimonial." *Bryant*, 562 U.S. at 357 n.3 (internal quotation marks and citations omitted). Indeed, when the state appellate court issued its opinion in Pham's case in 2014, the Supreme Court had noted in dicta that "statements to physicians in the course of receiving treatment would be excluded, if at all, only by hearsay rules," rather than because of Confrontation Clause concerns. *Giles v. California*, 554 U.S. 353, 376 (2008).

Here, the state court's conclusion that the doctor interacted with the victim for the "primary purpose" of providing medical treatment was neither contrary to nor an unreasonable application of clearly established federal law, as to which *Bryant* was the definitive statement. In *Bryant*, the Supreme Court directed that, for Confrontation Clause purposes, the "primary purpose" of an interrogation must be determined through an objective analysis of all the circumstances bearing on the interaction, including the

3

statements and actions of the individuals involved in the interaction. *Bryant*, 562 U.S. at 360. Here, the totality of the circumstances strongly suggests that the primary purpose of the interaction between the doctor and the victim was to obtain (for the victim) and to provide (for the doctor) medical treatment. The relevant conversation took place in a hospital emergency room on the night of the alleged rape. No law enforcement officers were present during the interaction at the hospital, nor had any officers attempted to take a formal statement from the victim earlier in the evening. *See* App. 151 (officer sent victim to the hospital before taking a formal statement, reasoning that it was more important for her to get immediate medical treatment). The doctor testified that it was necessary for her to learn the details of the assault so that she could conduct an appropriate physical examination, evaluate the victim's injuries, and formulate a safe discharge plan. And the victim did in fact require medical attention, including emergency contraception and preventative treatment for sexually transmitted diseases such as HIV. *See State v. Slater*, 285 Conn. 162, 185 (2008) (finding rape victim's statements to doctors not testimonial because "[a] rape victim is necessarily in need of medical attention" and an objective analysis suggests her goal in the emergency room is, likely, to receive treatment).

Pham argues that because the victim signed a consent form allowing the hospital to provide evidence to law enforcement personnel, the statements made by the victim were, as an objective matter, rendered testimonial. But that such a consent form was signed does not in itself determine the correct objective characterization of the interview. *See Dorsey v. Cook*, 677 F. App'x 265, 267 (6th Cir. 2017) (per curiam). Nor does the fact that the doctor was trained as a sexual assault forensic examiner alter this analysis. *See* 10 NYCRR 722.1(a)(2) (Sexual Assault Forensic Examiner (SAFE) Programs, Definition) (describing the program as designed to provide both medical care and forensic examinations to sexual assault victims). The state court's decision that the victim's statements were not testimonial reflected a reasonable application of the Supreme Court's decisions in *Bryant* and its predecessors. *See State v. Miller*, 264 P.3d 461, 479-81 (Kan. 2011) (collecting cases in which patient's statements to doctor found to be nontestimonial); *Jackson*, 569 U.S. at 508 (court must deny

4

habeas relief unless "there is no possibility fairminded jurists could disagree") (quoting *Harrington*, 562 U.S. at 102).

We conclude that the state court's decision finding that the victim's statements to medical personnel were not testimonial was not contrary to, nor did it involve an unreasonable application of, established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *Duhs v. Capra*, 639 F. App'x 691, 694 (2d Cir. 2016) (summary order) (state court decision finding nontestimonial child abuse victim's statements to doctor not contrary to established Supreme Court law).

We have considered all of Pham's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court