People v Murphy (2019 NY Slip Op 00685)





People v Murphy


2019 NY Slip Op 00685


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


5633/13 8282 8281

[*1]The People of the State of New York, Respondent,
v
Donelle Murphy, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Deborah L. Morse of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered June 18, 2015, convicting defendant, after a jury trial, of burglary in the second degree, attempted rape in the first degree and sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, and order, same court and Justice, entered on or about January 16, 2018, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed. The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The victim returned to her home country and refused to testify. Nevertheless, there was extensive evidence that included, among other things, statements by the victim properly admitted under the excited utterance and medical diagnosis/treatment exceptions to the hearsay rule, and the incriminating aspects of defendant's statements. Furthermore, defendant's trial testimony, asserting a innocent, nonsexual encounter with the victim, was rejected by the jury as incredible.
Based on the trial record and the submissions on defendant's CPL 440.10 motion, we find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]), and that the court properly denied the motion. In particular, defendant has not established the prejudice prong of either a state or federal ineffective assistance claim.
Counsel's defense of a claimed lack of proof of identity, asserted in connection with counsel's reliance on the confession corroboration requirement of CPL 60.50, was objectively unreasonable. However, defendant has not shown that the error deprived him of a fair trial or affected the outcome of the case. No other defense, including one based on defendant's assertion of a nonsexual encounter, had any chance of success. The jury clearly rejected defendant's testimony, which was rife with credibility issues. "Counsel may not be expected to create a defense when it does not exist" (People v DeFreitas, 213 AD2d 96, 101 [2d Dept 1995], lv denied 86 NY2d 872 [1995]). When defendant chose to testify, against counsel's advice, and gave testimony at odds with counsel's strategy, counsel's summation remarks reasonably attempted to minimize the damage from various aspects of defendant's testimony. These remarks did not undermine defendant's rights to testify and to control his defense. Defendant's reliance on McCoy v Louisiana (584 US , 138 S Ct 1500 [2018]) is misplaced because counsel did not concede his client's guilt.
We also find that defendant was not prejudiced by his counsel's failure to seek suppression of a videotaped statement on the ground that it had been preceded by an improper "preamble" (see People v Dunbar, 24 NY3d 304, 316 [2014]). Such an argument would have been unavailing, because the very limited preamble here did not undermine the Miranda warnings (see id.). Likewise, defendant has not established that he was prejudiced by his counsel's strategic decision to refrain from making objections during the prosecutor's [*2]summation. Finally, to the extent that, in connection with his ineffective assistance claims, defendant independently seeks reversal on one or more unpreserved claims of error, we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal.
Turning to defendant's remaining arguments, we find that defendant did not preserve any of his claims, including those grounded in the state and federal constitutions, regarding evidence of the victim's statements to police and medical personnel. Defendant's general argument that the victim's failure to testify violated his right of confrontation was insufficient to preserve the specific claims he makes on appeal, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. All of this evidence qualified under the state-law excited utterance and medical diagnosis/treatment exceptions to the hearsay rule. Although the victim's statement to a police sergeant was testimonial under the Confrontation Clause, defendant expressly waived that claim. The victim's statements to a nurse were not testimonial, because the nurse elicited the statements primarily to treat the victim, and her role in gathering evidence for the police by way of a rape kit was secondary (see People v Shaw, 80 AD3d 465 [1st Dept 2011], lv denied 16 NY3d 863 [2011]). Furthermore, although evidence admitted under the two hearsay exceptions at issue did not require a showing of either reliability or the unavailability of the declarant, the People made both showings. Finally, we find that defendant received a sufficient opportunity to elicit testimony that the victim had given varying versions of the attack and defendant's description, and that there was no violation of defendant's right to present a defense.
The court providently exercised its discretion in denying defendant's request for a missing witness charge. The victim was unavailable since there was no dispute she had moved back to Japan and was unwilling to testify (see People v Anderson, 256 AD2d 27 [1st Dept 1998], lv denied 93 NY2d 850 [1999]; People v Mancini, 207 AD2d 730 [1st Dept 1994], lv denied 86 NY2d 844 [1995]). There is no reason to believe that she would have been willing to testify by videoconferencing.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK