People v Myers (2019 NY Slip Op 01797)





People v Myers


2019 NY Slip Op 01797


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2016-12195
 (Ind. No. 1849/14)

[*1]The People of the State of New York, respondent,
v
Jevon Myers, appellant.


Randall D. Unger, Bayside, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered October 31, 2016, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the third degree for fatally stabbing the victim. At the trial, the People presented, inter alia, testimony from a witness that she saw the victim collapse outside a store and asked him what happened. The victim answered that the defendant had stabbed him with a screwdriver, and the witness called 911. The responding police officer and the paramedic who accompanied the victim in the ambulance to the hospital testified that the victim told them that he was stabbed with a screwdriver by the defendant, and that the victim identified the defendant in a cell phone photograph taken at the scene.
The defendant failed to preserve for appellate review his challenges to the testimony as to the statements made by the victim, describing his altercation with the defendant and identifying the defendant by name (see CPL 470.05[2]). In any event, his contentions are without merit. The defendant's right of confrontation was not violated, since the witnesses' primary purpose in questioning the victim was to address an ongoing emergency, and the victim's statements were not testimonial in nature (see Davis v Washington, 547 US 813, 822; Crawford v Washington, 541 US 36, 53-54; People v Duhs, 16 NY3d 405; People v Nieves-Andino, 9 NY3d 12; People v Bradley, 8 NY3d 124).
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his convictions (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the [*2]evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court